## KOOTSEY v. LEWIS.

### No. 10381.

Court of Civil Appeals of Texas.
San Antonio.

March 15, 1939.

Jesse G. Foster and Crane & Glarner, all of Raymondville, for appellant.

C. C. Bryant, of Harlingen, for appellee.

SLATTON, Justice.

This is an appeal from the District Court of Willacy County, wherein Vernon Lewis recovered a judgment against Dr. J. S. Kootsey.

The recovery was sought upon alleged negligence of Dr. Kootsey in the treatment of an injury to the 'left hand of Lewis, which caused an infection to the hand and necessitated its amputation together with the lower arm at a point above the elbow.

Lewis injured his hand while cutting brush in the country near Raymondville and employed Dr. Kootsey to treat it. After the hand was treated by the doctor, Lewis became dissatisfied and employed other doctors. The doctors so employed treated the hand and within two or three days observed that the wound had become infected. The infection was believed to be what is called gasing gangrene. This sort of an infection is said to be very dangerous in that it sometimes spreads through the entire body in a relatively short time.

The doctors found it necessary to amputate the hand and left arm at a point above the elbow. Special issues were submitted to a jury and upon favorable answers thereto, Lewis had judgment. Dr. Kootsey appeals.

Since the judgment is to be reversed and the cause remanded for another trial, and the pleadings of Lewis will likely be recast, we will not discuss each of the propositions urged by Dr. Kootsey to the action of the Court in overruling special exceptions directed to the trial pleadings of Lewis. It is enough to say that where negligence is pleaded generally and a special exception is directed thereto, the pleader should be required to be more specific, sufficient, at least, to apprise his adversary of the kind of proof he will be required to meet upon the trial. Where a recovery is sought for damages such as

medicine bills paid, it must be alleged that the medicine was necessary and the charges therefor reasonable.

■ Dr. Kootsey asserts that the evidence is not sufficient to make a case for the determination of the jury and hence the trial court erred in overruling his motion for directed verdict; the particular ground being that there is no evidence of probative force in the record to show that the negligence of Dr. Kootsey was a proximate cause of the injury to Lewis.

The evidence shows that Dr. Kootsey examined the hand under a fluoroscope for the purpose of detecting a fracture, probed the wound and extracted a splinter, washed the wound with an antiseptic, and placed a clamp upon the wound to draw its jagged edges together. The doctors who were employed by Lewis after he became dissatisfied with Dr. Kootsey examined the hand and extracted two ·or three splinters. Thereafter when the infection was discovered they cut the hand in several places and inserted gauze therein for the purpose of drainage. When the true nature of the infection was discovered, the amputation followed.

There is some evidence in the record from one of the doctors in answer to an hypothetical question that the manner of treatment used by Dr. Kootsey was negligent, but it is rendered dubious, upon his cross examination, when he testifies that he would have used the same treatment as did Dr. Kootsey.

There is no evidence in the record that the infection which necessitated the amputation of the arm and hand of Lewis was proximately caused by the negligent treatment of Dr. Kootsey. Not only is there no such evidence in the record, but all the expert witnesses giving evidence upon the subject expressed the opinion that the infection could have occurred regardless of the treatment given to the wound.

■ We are of the opinion that it is incumbent upon Lewis in order to recover from Dr. Kootsey in addition to showing the treatment given by Dr. Kootsey was negligence to show by expert evidence that such negligence was a proximate cause of his injury—in a word, that the negligent manner of treatment caused the infection which necessitated the amputation of the hand. Floyd v. Michie, Tex.Civ.App., 11 S.W.2d 657; Barker v. Heaney, Tex.Civ. App., 82 S.W.2d 417, Lippold v. Kidd, 126 Or. 160, 269 P. 210, 59 A.L.R. 875 et seq.

■ The fact that the wound became infected cannot be said to be any evidence of want of care on the part of Dr. Kootsey in the treatment of it. The cause of the infection is known only to those trained in medical science. Therefore the trial court erred in submitting the cause to the jury.

There is also reversible error shown in the assignment complaining of improper conduct of the jury, but as this is not likely to occur upon another trial, we pretermit a discussion of it.

The judgment is reversed and the cause, remanded.