DEVEREAUX v. SMITH.

No. 2805.

Court of Civil Appeals of Texas. Waco.

July 22, 1948.

Rehearing Denied Aug. 12, 1948.

J. S. Simkins and Pevehouse & McCall, of Corsicana, for appellant.

Thompson, Knight, Harris, Wright & Weisberg, of Dallas, and Roe & Ralston, of Corsicana, for appellee.

LESTER, Chief Justice.

Appellant brought this suit against appellee, a practicing dentist, to recover damages as the result of certain alleged acts of negligence on the part of appellee in pulling appellant's tooth. After the introduction of all the evidence the trial court instructed the jury to return a verdict for appellee and rendered judgment in his favor.

The testimony of appellant reveals that one of his wisdom teeth was causing him to suffer severe pain and had been for several days prior thereto; that his left upper jaw was swollen and that he was in such pain that he could not eat or rest. He went to a doctor of medicine, who told him that it was his tooth that was causing his trouble and advised him to see a dentist. He went to appellee's office and related to him how he was suffering and told him that he had been to a dentist in 1945, who had refused to pull his tooth; that he was suffering such pain that he could not eat or rest and he wanted some relief. Appellee gave him a hypodermic injection near the tooth. When the needle was pulled out blood ran out of his mouth and nose. After a few minutes appellee proceeded to pull the tooth by taking it out piece by piece. That appellee did not wash appellant's mouth out after pulling the tooth but told him to go home and wash it out with cold water. He left appellee's office about 2:30 P.M., and about 7:30 P.M. his face began to swell and by 10:00 o'clock one side of his mouth was drawn around to the side of his left ear and his left eye was closed. He went back to appellee the next morning and he washed appellant' mouth out thoroughly with a preparation that he cleaned his tooth with. He left that night for Camp Hood, where he remained for ten days in the depart-

ment of the dental clinic. While there his left eye was badly swollen to the extent that he could hardly see out of it; his mouth was so swollen he could not eat, or drink water with a quill, and after he left the hospital and went home he still had trouble with his eye and mouth and that he had not fully recovered at the date of the trial. During his stay at the hospital X-ray pictures were taken of his jaw. He was given no medicine and no treatment was prescribed for him except he was told to go home and take care of himself.

The appellee was called as a witness by the appellant and testified that when the appellant came to his office he complained of pain all the night before; that he examined the tooth and knew that it ought to be pulled. Appellant had swelling under the orbit of the eye but no pus around the tooth; that the swelling was a result of where the pus had been; that the pus seeks the line of least resistance and was in the flabby tissue; that the crown of the tooth was rotted out and under such conditions the roots are taken out one by one; that the dental profession recognizes that all extractions of teeth are serious and that he knew just exactly how to handle a tooth. After pulling the tooth he washed appellant's mouth out but did not use an antiseptic because it was against good dentistry; that he did not tell the appellant to wash his mouth out with some substance to prevent further infection but advised him not to disturb it at all.

Appellant alleged that the appellee was negligent in the following particulars: (a) In extracting the tooth after being fully advised that the tooth was infected and that appellant had consulted other dentists and was advised that said tooth had to be handled in a most careful and considerate manner; (b) in failing to inform himself of the histology and background conditions affecting said infected tooth; (c) in failing to have a proper X-ray made of said infected tooth; (d) in failing to properly treat said infected tooth and have proper medical examination made of the tooth before extracting it; (e) in injecting the needle into and behind said tooth and into the facial nerve without first determining

the possible consequence that might follow from injecting chemicals into the infected area; (f) in not possessing the proper skill, knowledge and experience; (g) after pulling the tooth, in advising appellant to wash out his mouth instead of first applying strong antiseptics in the cavity in order to prevent any consequence of further infection of said infected area.

The question to be decided is, does the record before us reflect any evidence sufficient to support any act of negligence alleged, and if so, was such act a proximate cause of the injuries suffered by the appellant?

The rule is that after disregarding all adverse evidence and considering only that which is favorable to appellant, giving it all reasonable conclusions and inferences as might be drawn therefrom, if such evidence is of sufficient probative force that reasonable minds might differ as to the ultimate conclusion to be reached, it will be held that the evidence is sufficient and the issues of facts should be submitted to the jury; otherwise an instructed verdict should be given. Reed v. Hester, Tex.Com. App., 44 S.W.2d 1107, 1108; Sigmond Rothchild Co. v. Moore, Tex.Com.App., 37 S.W.2d 121, 122; Bridges v. Williams, Tex. Civ.App., 171 S.W.2d 372.

A dentist is required to exercise ordinary care, diligence and skill in what he undertakes professionally to perform, and a failure on his part in this respect renders him liable in damages to a person injured as a result thereof. T.J., Vol. 33, p. 338, sec. 52. The burden of proof rested upon the appellant to establish his case by affirmative proof both as to negligence and proximate cause of his injuries, which he wholly failed to do in each instance. It is well settled that the law indulges a presumption in favor of the appellee to the extent that he completely performed his professional obligations to the appellant and negligence cannot be imputed to him from results, nor is any inference thereof indulged in against him. Floyd v. Michie, Tex.Civ.App., 11 S.W.2d 657; Kaster v. Woodson, Tex.Civ.App., 123 S.W.2d 981; Phillips v. Wright, Tex.Civ.App., 81 S.W. 2d 129. See also the authorities cited in all of said cases.

It has also been held that in malpractice cases, predicated upon facts similar to those disclosed by this record, a recovery cannot be sustained in the absence of expert medical testimony to establish a breach of duty, and also that such breach was a proximate cause of the injury complained of. Such testimony is wholly lacking in this case. Kootsey v. Lewis, Tex. Civ.App., 126 S.W.2d 512; Floyd v. Michie, supra; Phillips v. Wright, supra.

We are of the opinion that there is not any evidence of any probative force to create an issue of fact that appellee was negligent of any act of commission or omission in any respect as alleged by the appellant, or that such was the proximate cause of his alleged injuries. Viewing the evidence in its most favorable light in appellant's behalf, the most that can be said is that the results following the extraction of his tooth were not as favorable as they could have been. To hold otherwise would require us to enter into the realm of mere speculation.

The judgment of the trial court is therefore affirmed.