### GIESENSCHLAG et ux. v. VALENTA.
### No. 12121.

Court of Civil Appeals of Texas. Galveston.
Oct. 27, 1949.

Rehearing Denied Jan. 12, 1950.

Combs, Brown & Brock, of Houston, for appellants.

James V. Allred, Jack K. Ayer and Levert J. Able, of Houston, for appellee.

GRAVES, Justice.

This was a suit for damages, brought by appellants, Mrs. Dolores Giesenschlag, and her husband, W. J. Giesenschlag, against appellee, Dr. Ernest L. Valenta, a dentist, growing out of the extraction of an impacted wisdom-tooth of appellant, Mrs. Giesenschlag, and the alleged negligent leaving by the appellee of a broken drill-stem, or burr, in her jawbone at the conclusion of the operation.

This appeal stems from the action of the District Court of Harris County, 129th Judicial District (Judge Dan Jackson, presiding), in instructing a verdict against appellants, upon the conclusion of the testimony they alone presented, notwithstanding they had predicated their cause-of-action solely on the alleged ordinary negligence of the appellee in leaving a foreign body in appellant's jawbone, and his failure, then, or 'thereafter—in the exercise of ordinary care—to use an x-ray, which was at such times available, to discover its presence.

Judgment was rendered upon this Court-directed verdict of the jury on April 19, 1948, that appellants take nothing against the appellee, and that appellee go hence, and recover his costs.

The points-of-error in this court are, in substance, these: (1) appellants' case being grounded solely on questions of fact involving ordinary negligence, and not involving an issue as to the appellee's exercise of scientific skill in the practice of his profession, expert evidence was not necessary to send the case to the jury; (2) appellants introduced ample evidence to go to the jury, showing that appellee was guilty of negligence and that such negligence was the proximate cause of appellant's pain and suffering and damage; (3) The court erred to the prejudice of appellants in refusing to admit in evidence appellants' proffered testimony showing the refusal of Dr. Kohler and other medical witnesses to testify against appellee, because appellants, having testified that she placed herself under the treatment of Dr. Kohler following the incident involving appellee, it was not only proper but highly desirable, in order to avoid misunderstanding and prejudice on the part of the jury, that she be permitted to explain why she did not call Dr. Kohler or some other dentist to the witness stand.

The trial court, in its antecedent-order to such direction of the verdict, thus expressed the ground therefor: "said Motion for Instructed Verdict should be granted, because the plaintiffs have failed to prove negligence on the part of the defendant, and that the negligence of the defendant was the proximate cause of any damages, if any, suffered by the plaintiffs".

The appellants support their first two quoted points, so going to the merits of the controversy, by the citation of these, among other authorities. Moore v. Ivey, Tex.Civ.App., 264 S.W. 283, rev. on other grounds, Tex.Com.App., 277 S.W. 106; Hackler v. Ingram, Tex.Civ.App., 1917, 196 S.W. 279, w. e. ref.; Humphreys v. Roberson, Tex.Civ.App., 52 S.W.2d 932, Id., 125 Tex. 558, 83 S.W.2d 311; Edwards v. West Texas Hospital, Tex.Civ.App., 89 S.W.2d 801, WE Dis.

In response to the reaches of appellants' cause so outlined, the appellee interposes these counter-points, citing, among others,

916

the authorities subjoined thereto, to wit: "One. The decision of the Doctor to let the wound drain and probe for and remove a burr therefrom at a later date, because of the patient's condition, was the exercise of a medical doctor's discretion, that can only be questioned by the testimony of a brother doctor. Two. The question of whether a burr—the size of a pin-head in the wound—was the cause of the pain, which Mrs. Giesenschlag had between operations, is a question that only a doctor is qualified to pass on. Three. The admission of Mrs. Giesenschlag, that whether her pain was caused by the burr, or the infection, was a question on which a doctor would have to pass, conclusively showed that the plaintiff had failed to establish a causal-connection between the negligence charged, or the presence of the burr, and her pain or damages." Bowles v. Bourdon, Tex.Civ.App., 213 S.W.2d 713; Kootsey v. Lewis, Tex.Civ.App., 126 S.W. 2d 512; 33 Tex.Jur., Sec. 61, page 345; Davis v. Grissom, Tex.Civ.App., 103 S.W. 2d 466, 467; Phillips v. Wright, Tex.Civ. App., 81 S.W.2d 129, 131, writ dismissed; Bowles v. Bourdon, Tex.Sup., 219 S.W.2d 779; Kaster v. Woodson et al., Tex.Civ. App., Austin, 123 S.W.2d 981, error refused; Floyd v. Michie, Tex.Civ.App., 11 S.W.2d 657; Webester et al. v. Henwood, Tex.Civ.App., Waco, 134 S.W.2d 333; Lippold v. Kidd, 126 Or. 160, 269 P. 210, 59 A.L.R. 875, 884.

It is concluded that the trial court did not err in so directing the verdict and entering the appealed-from judgment in the appellee's favor on the return thereof, upon considerations, which may, in part and in brief, be thus stated:

First: In such a suit as this—irrespective of any differences there may be under varying states-of-fact between one for malpractice, or for ordinary negligence, upon the part of a professional, licensed, and practicing dentist—the appellants in this cause were met in their suit for damages against the appellee as their dentist, with what this court thus held, in Bowles v. Bourdon, 213 S.W.2d at page 714, column 2, to wit: "In a malpractice suit the plaintiff is met with the legal presumption that a physician has discharged his full duty 'and to defeat this presumption the law exacts affirmative proof of breach of duty coupled with affirmative proof that such breach of duty resulted in injury.' Kaster v. Woodson, Tex.Civ.App., 123 S. W.2d 981, 982, 983; Floyd v. Michie, Tex. Civ.App., 11 S.W.2d 657; Kootsey v. Lewis, Tex.Civ.App., 126 S.W.2d 512, 513."

Second: In their amended trial-pleadings the appellants admitted that the breaking-off of the drill-point, or burr, had been at the time an accident, not within the control of the appellee, and which fact he did not then know about; it further undisputedly appearing that such fact was later discovered by an x-ray, taken by the appellee himself, who thereupon removed the burr successfully in a second operation;

Third: On the trial, the appellant herself, Mrs. Giesenschlag, admitted that she did not know what caused the pain or discomfort she was suing for, and that that was a matter on which a doctor would have to pass. Further, that she had made no complaint about the tooth's not being properly taken out, nor of the fact that the appellee, at the second operation, had successfully removed it, which developments had greatly reduced the pain;

Fourth: The undisputed proof showed that Mrs. Giesenschlag's pain and suffering she so sued for had been, in the main, if not wholly, due to an infection she was shown to have had around her tooth, proceeding from the impacted-condition thereof, which had existed at the time the appellee first began treating it; hence the question of whether the subsequent finding of the drill-point, or burr, therein had caused, or contributed to, such infection was plainly one that only a qualified doctor, or dentist, could resolve;

Fifth: So that, in such a cause-of-action as the appellants herein declared upon, it was necessary for them to—as against the legal effect of the peremptory instruction so given against them—at least show that they not only presented evidence enough to raise an issue-of-fact for the jury on

whether the appellee had been negligent, as charged by them, but also as to whether or not such negligence had been a proximate cause of the pain and suffering she declared upon; failure of proof on either of these points was fatal to the suit. And, as indicated, in the state of the record brought here, it must be held that the trial court was within its prerogative in holding that neither of these issues was properly so raised.

Without extending the discussion further, it is held that the judgment should be affirmed.

Affirmed.