**NICODEME v. BAILEY.**

No. 4825.

Court of Civil Appeals of Texas.
El Paso.

June 27, 1951.

Rehearing Denied Aug. 1, 1951.

398

E. B. Elfers, El Paso, for appellant.

Andress, Lipscomb & Peticolas, El Paso, for appellee.

PRICE, Chief Justice.

In the District Court of El Paso, 41st Judicial District, Mrs. Dorothy A. Bailey as plaintiff recovered a judgment against F. M. Nicodeme, the defendant, in the sum of $5,218.90, and said defendant has perfected this appeal from such judgment.

The basis of plaintiff's suit was personal injury alleged to have been inflicted upon her by the negligence of defendant in the treatment as a Chiropractor of her physical infirmities.

It appears plaintiff, on or about September 21, 1949, had a pain in her neck and sought out and engaged defendant to treat her. She alleged among several other grounds of negligence that defendant was negligent in undertaking to administer treatment to her without obtaining from her sufficient information as to her symptoms, the history of her malady, sufficient to justify the treatment he did administer; defendant was guilty of negligence at said time and place in administering to plaintiff in her then condition a severe type of adjustment or manipulation of her head, neck and spine.

The trial was before the court with a jury, submission on special issues. Judgment was entered thereon as above indicated. At the close of the evidence defendant moved for an instructed verdict, which the court denied. After the return of the verdict and upon due notice, defendant moved for a judgment non obstante veredicto, which the court likewise denied.

In response to special issues the jury found in substance as follows: That the failure of defendant to procure from plaintiff information concerning her history, feeling and symptoms before treating her for her ailment was negligence, and the proximate cause of her injuries; further that on September 21, 1949, defendant administered to plaintiff a severe type of adjustment or manipulation of the head, neck and spine; that the administration of such treatment was negligence and proximate cause of her injuries.

Defendant urges one point of error, i. e., that the court erred in overruling his motion for an instructed verdict. Under this one point of error he asserts three propositions: First, in substance that the treatment adopted by a physician is to be tested by the principles and practices of the school of medicine to which he belongs; Second, in substance it is presumed a physician has discharged his full duty and to defeat this presumption the law requires proof that such breach of duty resulted in injury; that negligence is never imputed from results nor is any here indulged in against the physician; Third, in substance to warrant the finding of civil malpractice there must be medical testimony to establish it and to establish the additional fact that the injuries complained of resulted from such malpractice.

Our Constitution provides, Section 31, Article 16, Vernon's Ann.St.: "The Legislature may pass laws prescribing the qualifications of practitioners of medicine in this State, and to punish persons for mal-practice, but no preference shall ever be given by law to any schools of medicine."

In pursuance of this power the Legislature has provided for licensing chiropractors for the practice of the healing art. Chiropractic is a system of practice of adjusting the joints of the spine by hand for the curing of diseases, and imports study, knowledge and treatment of the human vertebrae, which includes the bones of the neck. Maryland Casualty Co. v. Hill, Tex.Civ.App., 91 S.W.2d 391; Art. 4512b, Secs. 1–24, Vernon's Ann.Civ.St. Defendant was a chiropractor.

Two grounds of actionable negligence were found against the defendant. First,

the failure of defendant to procure from plaintiff information concerning her history, feelings and symptoms before treating her; Second, that the administration to plaintiff in her then condition of a severe type of adjustment or manipulation of her head, neck and spine was negligence.

Three expert witnesses testified on the trial. Defendant, a Chiropractor, testified in his own behalf; Dr. Frank C. Golding and Dr. W. A. Jones on behalf of plaintiff. Drs. Golding and Jones were not Chiropractors, but were fully qualified and licensed medical practitioners, that is, licensed and qualified under the law to practice medicine generally. One of the main contentions of defendant here is that he could only be convicted of malpractice on the testimony of a witness or witnesses pursuing the same branch of the art of healing he pursued. Defendant in support of his proposition that the court erred in refusing to instruct a verdict in his favor cites and relies upon Floyd v. Michie, Tex. Civ.App., 11 S.W.2d 657; Bowles v. Bourdon, Tex., 219 S.W.2d 779; Christian v. Galutia, Tex.Civ.App., 236 S.W.2d 177.

The first ground of negligence found against defendant was failure to make a proper diagnosis of plaintiff's condition before administering treatment to her. Dr. Jones testified as follows: "Q. In your opinion, doctor, is it dangerous for anyone dealing in the healing art to attempt treatment without a personal history and some type of diagnosis? A. Yes, I consider it that way."

Now Dr. Jones was not a Chiropractor. He was a medical practitioner; as such he presumptively was skilled in all branches of the art of healing. It would seem that it should require no expert evidence to establish that it was negligence for one practicing the art of healing to proceed with what must be a rather violent treatment without some sort of diagnosis. 141 A.L.R. 5, 50. However, defendant was found guilty of negligence on account of his failure to obtain from plaintiff information concerning her history, feelings and symptoms before treating her. If there was a radical treatment administered without a diagnosis of a patient's condition it would seem not to require expert testimony to establish such conduct as negligence. The extent and nature of the diagnosis is perhaps a question of expert testimony. However, in order to establish a cause of action something more than negligence in failing to make a proper diagnosis must be shown. There can be little question here but that the immediate cause of the damage to plaintiff was the chiropractic treatment administered to plaintiff by defendant. Before the treatment started the back of plaintiff's neck was sore, causing stiffness in her neck. At the immediate conclusion of the treatment she was in such a condition that defendant notified her relatives and she was rushed to a hospital where she received treatment from Drs. Golding and Jones. Negligence was found in failing to make the diagnosis indicated in Special Issue No. 1, that is, to procure from plaintiff "information concerning her history, feelings and symptoms before treating the plaintiff". This was but a portion of a diagnosis. However, unless the diagnosis pursued to the extent indicated in Special Issue No. 1 would have indicated that the treatment was dangerous or unnecessary, the failure to make same could not be the proximate cause of the damage.

Drs. Golding and Jones, immediately after the treatment by defendant, caused a diagnosis to be made of plaintiff's condition. This diagnosis was prolonged over some time and seems to have been very thorough. It covered and included that part of a diagnosis comprehended in the findings as to Issue No. 1. If this diagnosis disclosed that the treatment administered by defendant to plaintiff was improper under the school of medicine to which he belonged, the evidence fails to disclose such danger as to treatment. Dr. Golding testified that he was unable to arrive at a definite diagnosis of the condition of plaintiff. Dr. Jones testified: "Well, for my part I did the spinal fluid examination and I reviewed the X-rays that were made, and I couldn't arrive at any definite conclusion as to what caused her disability except possibly a thrombosis, or closing off of a small blood vessel over the brain stem."

Section 1, Article 4512b V.A.C.S., limits the field of practice for a chiropractor. It is not a broad field. Drugs, surgery, X-ray therapy or radium therapy are excluded. The field is limited to the purpose of ascertaining the alignment of the vertebrae of the human spine and the practice of adjusting the vertebrae to correct any subluxation or misalignment thereof. One applying to a chiropractor has no reason to expect treatment other than in accordance with the chiropractic practice. The evidence of Drs. Golding and Jones tends strongly to show that if defendant had taken the precautions in regard to diagnosis which were found to be negligence for him to fail to take, that it would not have disclosed that a treatment consisting of a manipulation of the vertebrae of the neck was dangerous to the plaintiff. Suppose defendant had procured from plaintiff such information as she had concerning her history, feelings and symptoms before treating her, what would it have disclosed to him? A careful perusal of the testimony leads to the belief that it was only disclosed that she had a stiff neck and there was a tender portion; that it was not disabling and was not acutely painful. There is no evidence in the record that for such a condition as indicated a treatment such as was given by defendant was not, under the chiropractic system of healing, a proper course of treatment for a stiff neck, mildly painful. Bad results from a treatment are not, standing alone, sufficient to brand such treatment as malpractice. Floyd v. Michie, Tex.Civ.App., 11 S.W.2d 657 (no writ history); Kaster v. Woodson, Tex.Civ.App., 123 S.W.2d 981, (wr.ref.).

In the course of the opinion in Floyd v. Michie [11 S.W.2d 658], supra, Judge McClendon quotes from 21 R.C.L., par. 36, p. 392, as follows: "To warrant the finding of civil malpractice there must be expert medical testimony to establish it and to establish the additional fact that death resulted from such malpractice. There being no expert medical testimony establishing such issues the court, properly instructed a verdict for the defendants."

A number of authorities are cited to sustain the proposition.

The lawful activity of a chiropractor is confined to the treatment of the spine in a certain manner. In substance the treatment is limited to the adjustment of the joints or vertebrae of the spine.

A constituting element of the conception of negligence and also proximate cause is anticipation of harmful consequences from the course of conduct under investigation. There is no evidence that under the chiropractic system the treatment was improper for the ailment from which plaintiff seemed to be suffering. There is no evidence to establish that defendant in the exercise of ordinary care could have reasonably anticipated harmful effects of the treatment administered. The defendant holding himself out as a chiropractor impliedly warranted that he possessed the skill and ability of the ordinary practitioner in the community where he was practicing this branch of the healing art. He is likewise, in his treatment of plaintiff, to exercise ordinary care and skill. The evidence was insufficient to show that defendant was not possessed of ordinary skill and ability of a practitioner practicing his profession in the community. It is likewise insufficient to show that defendant failed to use ordinary skill and ability in attempting the adjustment of the vertebrae of plaintiff's spine. The evidence fails to establish that the negligence found was a proximate cause. The following cases are deemed to support and require the reversal of this judgment: Floyd v. Michie, Tex.Civ.App., 11 S.W.2d 657; Deveraux v. Smith, Tex.Civ.App., 213 S.W.2d 170, (w.r.n.r.e.); Bowles v. Bourdon, Tex., 219 S.W.2d 779; Christian v. Galutia, Tex.Civ. App., 236 S.W.2d 177 (no writ history); Giesenschlag v. Valenta, Tex.Civ.App., 225 S.W.2d 914, (w.r.n.e.). Aside from the result there is not an intimation in the evidence that the mode of treatment and the manner of its administration was improper.

It is possible this case should be reversed and remanded as was done in the case of Christian v. Galutia, supra.

The trial court erred in refusing to instruct a verdict in favor of defendant. The evidence seems to have been fully developed. It is therefore ordered that the judgment of the trial court be reversed and judgment here rendered that plaintiff take nothing as against the defendant.

On Motion for Rehearing.

 Careful and thoughtful consideration has been given to appellee's motion for a rehearing. We have reached the conclusion that the case, in the interest of justice, should be reversed and remanded for a new trial in accordance with the original opinion herein. London Terrace v. McAlister, 142 Tex. 608, Sup.Ct., 180 S. W.2d 619.

The trial court unquestionably had the theory that the evidence was sufficient to justify the submission of the cause. It may be that appellee on another trial will be able to obtain evidence raising the issue of negligence.

It is ordered that our previous judgment reversing and rendering this cause be set aside and judgment is here rendered reversing and remanding the cause for trial not inconsistent with the original opinion herein.