---

Fred J. Rafes, Waldman & Smallwood, Beaumont, for appellant.

Gilbert I. Low, Orgain, Bell & Tucker, Beaumont, for appellee.

FANNING, Justice.

Artie Rushing, as plaintiff, sued Lindsey Escoe, as defendant, seeking damages for personal injuries, as shown by plaintiff's petition, which reads in part as follows:

"2.

"That on or about July 1, 1960, plaintiff was cutting grass working for the City on the Doty Road, No. 1135, in Orange County, Texas. When he was stopped by the defendant who ordered plaintiff not to cut the right-of-way near the road; and while he was stopped by the defendant another employee of the City was cutting grass on the opposite side of the road, approached the area where plaintiff had been stopped by defendant and as the bushhog that the other employee was operating passed in that area, the blade.

**Artie RUSHING, Appellant,**

**v.**

**Lindsey J. ESCOE, Appellee.**

**No. 7583.**

Court of Civil Appeals of Texas.

Texarkana.

July 14, 1964.

of the bushhog caught on an object and propelled it across the road striking plaintiff in the face and causing serious injuries to plaintiff as hereinafter set out.

"3.

"Plaintiff would show that defendant was negligent and careless toward him in the following respects:

"a. In stopping plaintiff from performing his duties on the occasion in question.

"b. In causing plaintiff to stop in an exposed position under the facts and circumstances.

"c. In failing to warn plaintiff of the danger.

"d. In failing to keep a proper lookout.

That said acts and omissions, each and all, were negligence and were each and all, a proximate cause of the damages and injuries sustained by plaintiff as hereinafter set out.

"4.

"Plaintiff would show that as a direct and proximate cause and result of defendant's negligence he suffered severe injuries to his face and head, resulting in disfiguration, that the plaintiff has and in all reasonable probability will suffer great physical and mental pain, loss of earning and earning capacity and reasonable and necessary medical expenses all to his damage in the sum of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS."

Defendant filed a motion for summary judgment which was granted by the trial court. Plaintiff has appealed.

Foreseeability and causation are two necessary elements of proximate cause. Biggers v. Continental Bus System, Inc., 157 Tex 351, 303 S.W.2d 359. (1957).

The negligence of appellee, if any, in any of the matters stated in plaintiff's petition, was not a proximate cause of appellant's injuries and damages. Genell, Inc. v. Flynn, 163 Tex. 632, 358 S.W.2d 543, (1962); Hanson v. Green, Tex.Civ. App., 339 S.W.2d 381, writ refused, (1960).

The judgment of the trial court is affirmed.