Jackie PRESTEGORD and Husband, Lowell,
Appellants,

v.

Dr. James C. GLENN, Appellee.

No. 7887.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 11, 1968.

Rehearing Denied Dec. 16, 1968.

Harris E. Lofthus, Amarillo, for appellants.

Stokes, Carnahan & Fields, Amarillo, for appellee; Rochard E. Stokes, Jr., Amarillo, of counsel.

NORTHCUTT, Justice.

This is an action for damages brought by appellants, Jackie Prestegord and husband, Lowell Prestegord, against Dr. James C. Glenn contending Dr. Glenn was negligent in his medical treatment of Jackie Prestegord and that he damaged her by such negligence. Drs. Glenn and Hegedus were qualified as specialists in the field of obstetrics and gynecology.

Dr. Glenn filed his motion for summary judgment alleging there was no evidence establishing any negligent action on his part and there was no evidence raising a jury issue of his alleged negligence, and that he was shown by the deposition on file to be entitled to a judgment as a matter of law. The deposition of Dr. Hegedus, who was familiar with the actions of Dr. Glenn in the treatment of Mrs. Prestegord, clearly shows there was no negligence on the part of Dr. Glenn in his diagnosis or his treatment of Mrs. Prestegord. He further stated there was nothing that could have been done that was not done. Dr. Glenn's deposition was to the same effect as that of Dr. Hegedus.

Summary judgment was granted decreeing that the plaintiffs take nothing of or against the defendant by their suit and that said defendant go hence and recover his costs. From that judgment the plaintiffs perfected this appeal. Hereinafter, the parties will be referred to as plaintiffs and defendant as they were in the trial court.

The plaintiffs present this appeal upon one point of error contending the court erred in granting defendant's motion for summary judgment, there being fact issues present. The real issue here involved is what the plaintiffs should have done after the defendant filed his motion for summary judgment together with the deposition of Dr. Hegedus, a doctor of the same school of practice as the defendant, showing there was no negligence on the part of the defendant in his diagnosis or recognized treatment. If what Dr. Hegedus said in his deposition was true and undisputed, there would be no issue of fact to submit to the jury, and the defendant complied with his burden of showing there was no genuine issue of any material fact to be submitted to the jury. Then the way to show there was a fact issue would be for the plaintiffs to show by proper medical authority that he disagreed with the opinion of Dr. Hegedus. This the plaintiffs did not do. It is stated by the Supreme Court in the case of Bowles v. Bourdon, 148 Tex. 1, 219 S.W.2d 779 at 782, 13 A.L.R.2d 1 as follows:

"It is definitely settled with us that a patient has no cause of action against his doctor for malpractice, either in diagnosis or recognized treatment, unless he proves by a doctor of the same school of practice as the defendant: (1) that the diagnosis or treatment complained of was such as to constitute negligence and (2) that it was a proximate cause of the patient's injuries. Kaster v. Woodson, Tex.Civ.App., 123 S.W.2d 981 (er. ref.); Floyd v. Michie, Tex.Civ.App., 11 S.W. 2d 657; Kootsey v. Lewis, Tex.Civ.App., 126 S.W.2d 512; Barker v. Heaney et al., Tex.Civ.App., 82 S.W.2d 417 (er. dism.); Phillips v. Wright, Tex.Civ.App., 81 S.W. 2d 129 (er. dism.); Urrutia v. Patino, Tex.Civ.App., 10 S.W.2d 582 (er. dism.)."

It was recently stated by the Supreme Court in the case of Hart v. Van Zandt, 399 S.W.2d 791 as follows:

"In determining negligence in a case such as this, which concerns the highly specialized art of treating disease, the court and jury must be dependent on expert testimony. There can be no other guide, and where want of skill and attention is not thus shown by expert evidence applied to the facts, there is no evidence of it proper to be submitted to the jury. The burden of proof is on the plaintiff to show that the injury was negligently caused by the defendant and it is not enough to show the injury together with the expert opinion that it might have occurred from the doctor's negligence and from other causes not the fault of the doctor. Such evidence has no tendency to show that negligence did cause the injury. Ewing v. Goode, 78 F. 442, 444 (C.C.Ohio, 1897); Bowles v. Bourdon, 148 Tex. 1, 219 S.W.2d 779 (1949); Porter v. Puryear, 153 Tex. 82, 262 S.W.2d 933, [264 S.W.2d 689] (1954)."

We hold the plaintiffs failed to properly show in reply to defendant's motion for summary judgment there was an issue of fact to be determined. Judgment of the trial court is affirmed.