Stokes, Carnahan & Fields, O. P. Fields, Jr., Amarillo, for petitioner.

Harris E. Lofthus, Amarillo, for respondent.

REAVLEY, Justice.

Jackie Prestegord and her husband were plaintiffs in this medical malpractice suit against the defendant, Dr. James C. Glenn. A prior appeal followed a summary judgment in favor of Dr. Glenn. The court of civil appeals there affirmed (436 S.W.2d 623) but we remanded the case for trial. 441 S.W.2d 185. Upon the subsequent trial a directed verdict was granted defendant at the conclusion of plaintiffs' case-in-chief. The court of civil appeals reversed and remanded. 451 S.W.2d 791. We reverse the court of civil appeals judgment and affirm the trial court judgment in favor of the defendant.

Dr. Glenn was the physician for Mrs. Prestegord during her pregnancy which began in August and ended deplorably in November of 1966. She did well until October 17, but she then encountered pain, low-grade fever and vaginal spotting. These symptoms persisted until November 17 when she began to miscarry and was hospitalized. It was decided that the fetus was dead and was heavily infected. An attempt was made to induce the completion of miscarriage, but by November 20 it became necessary to operate. The uterus could not be opened in the abdomen without promoting the infection; so a complete hysterectomy was performed.

Only four witnesses testified personally at this trial: Mr. and Mrs. Prestegord, Marilyn Aufleger, a friend who accompanied Mrs. Prestegord to Dr. Glenn's office, and Dr. Hegedus who saw the plaintiff in Dr. Glenn's absence on November 17 and who testified on personal knowledge that she was properly treated during her hospitalization and operation. To complete plaintiffs' case, a few questions and answers were read from the deposition of Dr. Glenn.

The testimony was consistent except for Mrs. Prestegord's contention that she told Dr. Glenn on each visit of pain or a dull ache at a particular site in her abdomen, while Dr. Glenn testified that she reported *no pain other than abdominal cramping.* He explained that there was a medical difference between cramping and constant pain, and said that if he had been told of the latter he would have made further evaluation and, perhaps, required more tests.

Since we are testing a directed verdict against Mrs. Prestegord, we must accept all evidence in her favor. So we assume that she did report a localized ache or pain to Dr. Glenn. Because of his own testimony we then assume that he should have given further attention to his patient.

There is no other evidence in this record that could be found or assumed to support plaintiffs' contention that the defendant was negligent in some particular that caused the loss of her ability to have children or the pain and damages suffered during her final hospitalization.

■ Whatever could be decided as to negligence, there is no evidence tending to prove that Mrs. Prestegord's ultimate adversity would probably have been avoided if a further evaluation or test had been pursued at some date prior to November 17. Since proof of proximate cause is a necessary part of plaintiffs' case, the directed verdict was correct. Bowles v. Bourdon, 148 Tex. 1, 219 S.W.2d 779 (1949).

■ Plaintiffs' argument is that our opinion on the former appeal controls this appeal and that if we were correct then, the court of civil appeals is correct now. The difference is fundamental and drastic. The plaintiffs now have the burden of proof, whereas the defendant had that burden at the prior writing.

When the defendant moved for summary judgment, he sought to demonstrate that the plaintiffs could not prevail. He might have attempted to establish, as a matter of law, that no act or omission set forth by plaintiffs violated the standards of care required of one of his school of practice (no negligence); or he might have attempted to establish the absence of causal connection between his conduct and her damages (no proximate cause). Either showing would have meant that defendant was entitled to judgment as a matter of law.

To support his motion for summary judgment, he chose to contend that negligence was absent. However, as we pointed out in the prior opinion, he failed because there was no conclusive showing that what the doctor did was appropriate for the symptoms related by Mrs. Prestegord. We assumed the truth of her affidavit on that occasion as we assume the truth of her testimony on this appeal, and to that extent the processes are alike.

The difference appears when we turn to proximate cause. The record in each appeal is silent on that matter. This was no problem to the plaintiffs on defendant's motion for summary judgment. Plaintiffs were not required to prove causation to oppose that motion. If defendant failed to negate causation, to that extent he did not sustain his own burden. However, to hold defendant liable, plaintiffs upon trial had the burden of proving his negligence and its causal connection with the injuries. The motion for directed verdict tested the plaintiffs' performance as to that burden. The record being silent as to causal connection or—to put it esoterically—there being no evidence of proximate cause, the plaintiffs have failed and must suffer the judgment which was rendered.

The judgment of the court of civil appeals is reversed and that of the trial court is affirmed.