**Norman LaPOINT, joined by his wife, Olga LaPoint**

v.

**Robert E. SHIRLEY, Jr., M. D., and Bexar County Hospital d/b/a Robert B. Green Hospital.**

Civ. A. No. SA–75–CA–69.

United States District Court, W. D. Texas, San Antonio Division.

March 5, 1976.

Kermit W. Fox, Jr., San Antonio, Tex., for plaintiffs.

Kenneth L. Clark and David Stephenson, Clark, Thornton & Summers, John E. Clark, U. S. Atty., by Hugh P. Shovlin, Edward M. Johnson, Asst. U. S. Attys., Guy P. Allison, San Antonio, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

JOHN H. WOOD, Jr., District Judge.

On the 12th day of February, 1976, came on for hearing the Motion for Dismissal pursuant to Rule 12(b)(6) or, in the alternative, Motion for Summary Judgment pursuant to Rule 56 filed by the defendant, Robert E. Shirley, Jr., M. D., in the above styled and numbered cause and the Court, having considered the motion and response thereto and the arguments of counsel together with the records and file of the case, is of the opinion and so finds that the motion should be granted.

Plaintiffs' Complaint was originally filed January 17, 1975 in the District Court of the 45th Judicial District of Bexar County, Texas. Plaintiffs alleged in their First Amended Original Petition that their last child, Kirk Patrick, was born to them as the result of negligence on the part of Doctor Robert E. Shirley, Jr. in performing an unsuccessful Pomeroy bilateral tubal ligation at the Robert B. Green Hospital in San Antonio, Texas on or about January 18, 1973 and prayed for damages in the amount of $45,000.00 to compensate them for the additional cost of housing, clothing, food, education and medical care to be incurred in rearing this child to majority.

At the time of the operation in question, Doctor Shirley was an officer of the United States Army participating in a residency exchange program between the United States Army and the University of Texas Medical School at San Antonio. Thus, on March 13, 1975, the case was removed from the State District Court to the United States District Court for the Western District of Texas pursuant to 28 U.S.C., Section 1442a. With leave of Court, plaintiffs filed a Second Amended Original Petition seeking damages on behalf of the child, Kirk Patrick, for the repair of a birth defect, an umbilical hernia, and for permanent damage and weakness to his abdomen and for loss in his earning capacity because of such permanent damage and weakness.

The case at Bar fits generally into a category of cases that have been designated "wrongful birth" cases. Though there is a paucity of cases dealing with this situation, the State Courts of Texas have had some experience in

the matter.[1] In its present posture, the law of the State of Texas does not provide for a cause of action for the birth of a normal, healthy child after an unsuccessful bilateral tubal ligation even though there has been negligence on the part of the physician performing the operation. *Terrell v. Garcia,* 496 S.W.2d 124 (Tex.Civ.App., San Antonio, 1973, writ ref'd. n. r. e., cert. den. 415 U.S. 927, 94 S.Ct. 1434, 39 L.Ed.2d 484, 1974).[2]

The *Terrell* case, supra, and the instant case are very similar in that both arose out of unsuccessful Pomeroy bilateral tubal ligation operations performed by physicians at the Robert B. Green Hospital. The only factual difference is that the successful, but unwanted, pregnancy in *Terrell* produced a normal, healthy child, while the child in the instant case was born with a birth defect, an umbilical hernia. The $45,000.00 damages initially sought by the plaintiffs herein are for the same types of expenses as were sought in *Terrell,* supra, and under the rationale of that case are not recoverable and must, therefore, be disallowed. See also *Hayes v. Hall,* 477 S.W.2d 402 (Tex.Civ.App., Eastland, 1972, rev'd. on other grounds, 488 S.W.2d 412, Tex.1972). With respect to this claim for damages, therefore, defendant's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted must be granted.

■ The Court now turns to the very interesting and rather serious questions raised by plaintiffs' claim for an additional $50,000 in damages as a result of their son's being born with an umbilical hernia. The Court has not been cited to, nor has it found, any case in which the Courts of Texas have dealt directly with this precise problem. As noted above, there is in Texas no recovery available to the parents for a normal, but unwanted, birth resulting from neg-

ligence in the performance of an unsuccessful bilateral tubal ligation. Any recovery for the birth of an abnormal child in such situation, either by the parents or on behalf of the child, must, therefore, be based on the alleged negligence of the doctor who performed the unsuccessful operation. In this respect, the doctrine of proximate cause in Texas must be examined to determine whether these additional damages are compensable. Recovery on a theory of negligence presupposes the successful application of the doctrine of proximate cause in connecting the alleged negligence with the alleged injury. For the purposes of considering the motions before the Court it is, as heretofore stated, assumed as undisputed fact that there was negligence on the part of the doctor in performing the operation in question and that the child was born with an umbilical hernia. Plaintiffs in their response to defendant's motion rely heavily on the case of *Jacobs v. Theimer,* 519 S.W.2d 846 (Tex., 1975) reh. den. March, 1975. Basing their argument on *Jacobs,* supra, plaintiffs urge that a cause of action does in fact exist for these additional damages they seek. The *Jacobs* case involved the negligent failure to diagnose the existence of rubella during the first trimester of pregnancy. The pregnancy was allowed to go to full term and the child was born with numerous defects known to be directly attributable to the mother having had the disease during the first trimester of pregnancy. There are factual differences between the *Jacobs* case and the case at Bar which distinguish its application of the doctrine of proximate cause.

■ The concept of proximate cause in tort law in Texas consists of two elements: (1) causation in fact and (2) foreseeability. See *Rushing v. Escoe,* 381 S.W.2d 361 (Tex.Civ.App., Texarkana,

---

1. The operation out of which this case arose was performed in Texas and this Court, sitting in Texas, must, therefore, look to the law of Texas in ruling on defendant's motion. *Erie v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

2. The Court will assume for the purposes of consideration of these motions that there was in fact negligence on the part of the doctor in the performance of the bilateral tubal ligation in question in the case at Bar.

1964, no writ); *Biggers v. Continental Bus Systems, Inc.,* 157 Tex. 351, 303 S.W.2d 359 (1957); Prosser, *Law of Torts* (4th ed.) Chapter 7. Foreseeability encompasses the idea that the injury in question must be the natural and probable consequences of the particular act or omission alleged to have been negligent. *Tibbits v. Crowell,* 434 S.W.2d 919 (Tex. Civ.App., San Antonio, 1968, no writ).

The concept of proximate cause is also applicable in medical malpractice cases in Texas in that the plaintiff must show (1) that the diagnosis or treatment was negligent and (2) that the alleged negligence was the proximate cause of the injury. *Bowles v. Bourdon,* 148 Tex. 1, 219 S.W.2d 779 (1949). Consequently, foreseeability is also required in medical malpractice cases and thus a physician can only be held liable if the harmful consequences could have been anticipated. *Nicodeme v. Bailey,* 243 S.W.2d 397 (Tex.Civ.App., El Paso, 1951, writ ref'd, n. r. e.); *Hamilton v. Harris,* 223 S.W. 533 (Tex.Civ.App., San Antonio, 1920, writ ref'd, n. r. e.).

In *Jacobs,* supra, the negligent diagnosis involved occurred after conception had taken place. There was, therefore, a developing fetus involved when the negligent diagnosis was made. The doctrines of proximate cause and foreseeability could thus successfully be applied. The negligent diagnosis allowed the continuing development of the fetus under circumstances where it is clearly a medically and legally foreseeable consequence that the fetus, when allowed to develop through full term, will be born with birth defects directly attributable to the contraction by the mother of rubella during the first trimester of pregnancy. The sequence of events which transpired in the instant case present a legally significant and distinguishing factor. The alleged negligence took place first followed by conception and then by birth of the child with the umbilical hernia. When a Pomeroy bilateral tubal ligation is unsuccessful through negligence on the part of the physician in its performance at a time when the patient is not then pregnant, as in the instant case the only foreseeable consequence is a subsequently induced pregnancy. That the pregnancy may result in the birthing of an abnormal child is not a foreseeable consequence. As a matter of law, there can be no causal connection between the negligence of the doctor and the umbilical hernia other than that, but for the birth of the child, there would not have been an umbilical hernia. The Court finds that this remote connection does not satisfy the causation in fact element of the concept of proximate cause. In addition, it is clear that as a matter of law the umbilical hernia was not a foreseeable consequence of the alleged negligence of Doctor Shirley in the performance of the bilateral tubal ligation.

Having measured defendant's motion against the Rule stated in *Byrd v. Bates,* 220 F.2d 480 (5th Cir., 1955), and, having fully considered same in light of the Opinion of the Fifth Circuit in *City of Crystal City v. Del Monte Corporation,* 463 F.2d 976 (1972), cert. den. 409 U.S. 1023, 93 S.Ct. 464, 34 L.Ed.2d 315 (1972), it is the opinion and finding of the Court that, based upon the above analysis, the motion should be, and the same is hereby, in all things granted.

It is, therefore, ordered, adjudged and decreed that that portion of plaintiffs' Complaint, as amended, which prays for damages in the amount of $45,000 to compensate the plaintiff, Norman LaPoint, and his wife, Olga LaPoint, for the additional cost of housing, clothing, food, education and medical care to be incurred in rearing the child, Kirk Patrick, to majority be, and the same is hereby, in all things dismissed for failure to state a claim upon which relief may be granted. It is further ordered, adjudged and decreed that with respect to that portion of plaintiffs' Complaint, as amended, seeking damages on behalf of the child, Kirk Patrick, for the repair of the birth defect, the umbilical hernia, and for permanent damage and weakness to his abdomen and for loss in his earning capacity because of such perma-

nent damage and weakness defendant's Motion for Summary Judgment pursuant to Rule 56 be, and the same is hereby, in all things granted.

It is, therefore, ordered, adjudged and decreed that the above styled and numbered cause be, and the same is hereby, in all things dismissed.