James **SHORE**, Appellant,

v.

**THOMAS A. SWEENEY & ASSOCIATES and Bonnet Resources Corporation, Appellees.**

No. 12–92–00387–CV.

Court of Appeals of Texas, Tyler.

Oct. 25, 1993.

Gregory Neeley, Akin, Steele & Bush, Longview, for appellant.

James R. Searcy, Rex A. Nichols, Longview, for appellees.

HOLCOMB, Justice.

Plaintiff in the trial court brings this appeal from a summary judgment in favor of the Defendant. We will affirm.

The novel fact situation of this case arose out of an unsuccessful attempt by Appellant to purchase what is known as Woodbine Property, consisting of three commercial office buildings located on Judson Road in Longview, Gregg County, Texas, from Bonnet Resources (hereinafter "Bonnet"), during the month of July, 1991. Bonnet was the authorized representative of the owner of the property, Bank One Texas N.A. Bonnet had given an exclusive broker listing to Thomas A. Sweeney & Associates (hereinafter "Sweeney"), the Appellees herein, for six (6) months, ending June 30, 1991, to attempt to sell the property. The representative for Bonnet was Frank Geis (hereinafter "Geis").

Thomas Sweeney and Frank Chaney were both employees of Sweeney.

On July 1, 1991, Appellant submitted a written offer to purchase two of the buildings through Frank Chaney; however, when Geis received it he had already received an offer from a Mr. Alston to purchase all three buildings which was higher than the bid of Appellant for two of the buildings. Geis then contacted Sweeney and asked him to contact Appellant to see if he could make an offer for the three buildings and to get back to him. Sweeney, however, without talking to Appellant, later wrongfully informed Geis that Appellant was not interested in purchasing the three buildings, and was not financially able to do so. Shortly after this, Frank Chaney found out that the property was still available. He contacted Appellant, and submitted a larger offer than that one made by Alston. At this point Geis initiated a "bidding war" for the property, with faxes and letters going between the prospective buyers and the seller. The end result was two offers, one from Alston for $226,000 and one from Appellant for $237,000, each of which was more than twice the original offer. After consulting with their legal staff, Bonnet decided to accept the Alston offer because they had initially promised it to Alston. Alston attorneys seem to have threatened legal action, as they felt Geis had orally agreed to sell to him. Bonnet did not pay any commission to Sweeney, the Appellee herein, on the sale, due to the manner in which the offers were handled and because Sweeney's listing agreement had lapsed.

Appellant filed suit against Sweeney & Associates, the Appellees, and Bonnet, alleging breach of duty of good faith and fair dealing, violation of the DECEPTIVE TRADE PRACTICES-CONSUMER PROTECTION ACT, and/or for violation of Article 6573a of the TEXAS REVISED CIVIL STATUTES, commonly referred to as the REAL ESTATE LICENSE ACT. It appears Appellant has abandoned or settled any further claim against Bonnet. These causes of action allege that Thomas A. Sweeney, as President of Thomas A. Sweeney & Associates, acted to circumvent Appellant's attempt to purchase the commercial real estate against the property from Bonnet Resources in the alleged false representations Sweeney initially made to Geis concerning whether he wanted all the property and his ability to purchase the same.

On June 30, 1992, after the depositions of Appellant, Geis, and Frank Chaney were taken, Sweeney filed a motion for summary judgment attaching excerpts from these depositions. In response to Sweeney's motion, Appellant pointed out to the court the deposition excerpts were not proper summary judgment proof, as they were not properly authenticated. He additionally filed a response to the motion. The court orally granted Appellee Sweeney's motion for leave to file amended affidavits and pleadings, which he did. The court then signed an order granting summary judgment in favor of Appellee on August 24, 1992.

A motion for new trial was filed, and the Appellant brings one point of error to this Court alleging the trial court erred in granting Appellee's motion for summary judgment because the summary judgment evidence was insufficient to support the judgment.

■ Appellant initially argues that at the time of the hearing, Appellees had no summary judgment evidence to support its motion and could not meet its burden of proof since it had not been authenticated, and therefore, the court's granting leave to amend was a nullity since it was shown only by a docket entry. He cites *Harris County Child Welfare Unit v. Caloudas,* 590 S.W.2d 596 (Tex.App.—Houston [1st Dist.] 1979, no writ), which does contain *dictum* stating: "The docket sheet cannot stand as an order or substitute for such record." We construe this to apply to those situations where the order is to have finality, affecting the substantive rights of the parties in the future, which is not the case here. The docket entry allowing amendment here was procedural and interlocutory in nature. However, we find the court was correct in allowing the Appellee to file and authenticate their summary judgment. TEXAS RULE OF CIVIL PROCEDURE 166a(c) expressly allows a movant for summary judgment to file the motion and any supporting affidavits less than twenty-one (21) days before the hearing *with leave of court* and *notice* to opposing counsel.

TEXAS RULE OF CIVIL PROCEDURE 166a(e) states, in part, "defects in the form of affidavits and attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal to amend." The Rule does not require a motion for leave to amend to be in writing and filed of record if it clearly appears otherwise from the record. *Lawler v. Dallas Statler–Hilton Joint Ventures*, 793 S.W.2d 27 (Tex.App.—Dallas 1990, writ denied). The Appellant responded to the unauthenticated motion and evidence in which nothing new was added, except the verification. Appellant has failed to demonstrate how he was harmed by the court's action.

■ We now turn to determine whether or not the Appellee was able to establish his right to judgment as a matter of law. The issue on motion for summary judgment is not whether the evidence raises genuine issues of material fact, but rather whether the evidence offered in support of the motion establishes the movant's right to judgment as a matter of law. *Odom v. Insurance Co. of Pennsylvania*, 455 S.W.2d 195, 198 (Tex. 1970). It has been said that the burden on a motion for summary judgment is the same as the burden on a motion for an instructed verdict. This is true in the case of a plaintiff moving for summary judgment. *See Gulf, Colorado, & Santa Fe R.R. v. McBride*, 159 Tex. 442, 322 S.W.2d 492, 500 (1959). It is also true when a defendant's motion for summary judgment is based on an affirmative defense. *See Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972). It is not true, however, when a defendant moves for summary judgment on one of the elements of the Plaintiff's case. While a defendant is entitled to an instructed verdict if the Plaintiff fails to introduce evidence on one element of his case, a Defendant is not entitled to summary judgment based on the failure of the Plaintiff to carry the burden he would have at the trial on the merits. *Tigner v. First Nat'l Bank of Angleton*, 153 Tex. 69, 264 S.W.2d 85, 87 (1954); *see also Glenn v. Prestegord*, 456 S.W.2d 901, 903 (Tex.1970). A Defendant, however, may obtain a summary judgment without negating each element of the Plaintiff's cause of action. It is sufficient if he conclusively takes one essential element

away from the Plaintiff's cause. *Gibbs v. General Motors*, 450 S.W.2d 827 (Tex.1970). He will prevail if he is able to disprove, as a matter of law, at least one element of the cause of action. *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 537 (Tex.1975); *see e.g. Blue Bell v. Peat Markwick Mitchell & Co.*, 715 S.W.2d 408, 415 (Tex.App.—Dallas 1986, writ ref'd n.r.e.).

■ We find from reviewing the record in a light most favorable to Appellant the summary judgment evidence before the court was sufficient to establish the actions of the Appellee was not the proximate or producing cause of any damages the Appellant incurred. *See Lear Siegler Inc. v. Perez*, 819 S.W.2d 470 (Tex.1991); *Gibbs v. General Motors*, 450 S.W.2d 827 (Tex.1970). Appellant was aware that he was bidding against another prospective buyer for the property in question. Appellee had no duty to Appellant except to forward his offers to Bonnet, the seller. The summary judgment proof established, and it was undisputed that Sweeney's agent, Frank Chaney, had forwarded Appellant's offers to purchase the property and that Bonnet considered each of his offers. It was also undisputed, and Appellant admitted, that Sweeney had no control over the decision of who the property would ultimately be sold to. Sweeney had no right, duty, or power to affect Bonnet's decision regarding which offer to accept. Appellant admitted that he had the legal right to buy the property only if Bonnet signed a contract agreeing to sell it to him. Further, he had no written contract or agreement. Appellant admitted that any alleged misconduct on the part of Sweeney had to have occurred prior to July 24, 1991, the date the decision to sell to Alston was made. The summary judgment proof established that the highest Appellant had bid was considered by Bonnet before he decided to sell the property to Alston. Bonnet's representative additionally testified that Sweeney (Appellee) played no part in Bonnet's decision to sell the property to the other bidder, and that it was made solely by Bonnet. At the time the decision was made, Sweeney and the brokers were uninvolved in the process. Even assuming the misinformation which was given by Sweeney in the early part of the negotia-

tion and bidding process was false, it was of no consequence based on the ultimate outcome. There is no evidence in the record remotely suggesting that such misinformation had any affect on the ultimate outcome of this transaction.

The alleged conduct must be a "substantial factor in bringing about the Plaintiff's harm, if any." Though cause in fact is necessary, it is not sufficient. *Lear Siegler,* 819 S.W.2d at 472. Here, the summary judgment evidence established that the alleged misconduct on the part of Sweeney was not a cause in fact of Appellant's being the unsuccessful bidder for the property as he knew he was bidding against someone else at the time he attempted to purchase the property. He must have been aware that he might not be the successful bidder.

The summary judgment evidence shows, as a matter of law, that nothing done by Appellee caused Appellant to be unsuccessful; therefore, we hold the trial court was correct in entering summary judgment for the Appellee.

The judgment of the trial court is affirmed.