## CITY OF EDINBURG et al. v. ELLIS.
### No. 1657—6118.

Commission of Appeals of Texas, Section A.

April 19, 1933.

Montgomery, Hall & Taylor and Neal A. Brown, all of Edinburg, for plaintiffs in error.

Kelley, Looney & Norvell and George P. Brown, all of Edinburg, for defendant in error.

SHARP, Judge.

J. P. Ellis filed this suit against the city of Edinburg, D. C. Abney, as mayor, and A. C. Statham and M. R. Harris, as city commissioners, on certain warrants issued by the city of Edinburg to J. P. Ellis, and also on an open account, alleging that the warrants and open account grew out of an oral agreement between the city of Edinburg and Ellis. It was alleged that by virtue of the agreement the city agreed to purchase from Ellis gasoline, oil, tires, supplies, etc. The city answered that the contract was fraudulent and that it grew out of a collusion between Ellis and Commissioner Dyer. The warrants had been issued for the amounts claimed by Ellis and the city sought to cancel the warrants upon the ground of fraud upon the part of Ellis and Dyer. The trial court peremptorily instructed a verdict for Ellis for $3,606.74, and judgment for that amount was rendered against the city. The Court of Civil Appeals at San Antonio affirmed the judgment of the trial court. 42 S.W.(2d) 291. A writ of error was granted to review the opinion of the Court of Civil Appeals.

It is contended that the Court of Civil Appeals erred in sustaining the trial court's action in peremptorily instructing the jury to return a verdict for Ellis.

Ellis based his cause of action on an oral contract with the city, whereby the city agreed to purchase from him gasoline and automobile supplies; that the city agreed to pay for these supplies the amount of money that the supplies would amount to in cash at the retail price at the end of each month; that the city issued certain warrants aggregating the sum of $4,134.45, and owed him the further sum of $77.95 represented by an open account.

The city answered that the contract made by Ellis with the city was fraudulent in that Ellis and W. R. Dyer, one of the commissioners, had entered into a conspiracy to defraud the city. It was further. alleged that Dyer was in the business of selling gasoline and automobile supplies to retail dealers; that Dyer had a lease contract with Ellis for a gasoline station. It was further alleged that the use of Ellis as the seller' was only a subterfuge, when in fact Dyer had an interest in the contract; that the amounts charged the city were grossly excessive and incorrect, and the warrants were obtained upon forged sales slips. It was also alleged that the city was charged with many items purchased and used by persons not for the use of the city, and for which the city was in no way liable.

It is the general rule that municipal contracts in which officers or employees of the city have a personal pecuniary interest are void. 44 C. J. pp. 89 and 90; 6 R. C. L. pp. 739 and 740; Meyers v. Walker (Tex. Civ. App.) 276 S. W. 305. This rule is held to apply to members of the city council. It has long been the public policy of this state to prohibit officers of a city from having a personal pecuniary interest in contracts with the city and this policy is specifically expressed in both the penal and civil statutes.

See article 373, Penal Code, and article 988, R. C. S. 1925. Article 373 provides that if an officer of a city or town shall become in any manner pecuniarily interested in any contracts made by such city or town, or shall become interested in the purchase or sale of anything made for or on account of such city or town, he shall be subject to a fine. Article 988 also provides that no member of the city council or any other officer of a corporation shall be directly or indirectly interested in any contract, the consideration of which is paid from the city treasury.

The foregoing rule rests upon sound public policy. Its object is to insure to the city strict fidelity upon the part of those who represent it and manage its affairs. The rule prohibiting public officers from being interested in public contracts should be scrupulously enforced. The pleadings and proof offered in this case raised the issue of interest in the contract by Dyer, and, if true, brought it clearly under the rule announced by the authorities and statutes above cited. The trial court and Court of Civil Appeals erred in holding as a matter of law that the contract was binding upon and enforceable against the city. This was an issue of fact to be determined.

The pleadings and evidence raised the further issue that included in the amount for which city warrants were issued and judgment against the city sought thereon were included items for goods sold to persons in no way connected with the city, and for which the city was not liable therefor. It was error to hold that this testimony was not admissible.

The rule is well established in this state that a city warrant is not negotiable commercial paper, but is only prima facie evidence that the city is indebted to the payee. A city warrant imposes no obligation upon the city to pay if no liability for the debt evidenced by the instrument actually exists. Nor is the city estopped from setting up fraud and collusion in the making of the contract out of which arose the issuance of the warrants. National Surety Co. v. State Trust & Savings Bank, 119 Tex. 353, 29 S.W. (2d) 1027, and authorities cited.

We recommend that the judgments of both the Court of Civil Appeals and of the trial court be reversed and that this cause be remanded to the district court for another trial.

CURETON, Chief Justice.

The judgments of the district court and Court of Civil Appeals are both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.