

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable R. A. Barton
County Attorney
Calhoun County
Port Lavaca, Texas

Dear Sir:

Opinion No. O-2980

Re: Can a contract as county
depository be made with a bank
in which the county judge of the
county is a director or stock-
holder?

We have received your letter of recent date requesting our opinion
on the above stated question. Your letter reads:

"Can a contract as county depository be made to a bank
in which the County Judge of the county is a director or
stockholder of the bank?

"Regardless of the fact that Art. 373 Penal Code of Texas
is indefinite in regard to the above question and in fact
seems to deal with entirely different contractual matters,
in the year 1913, in Opinion No. 36 your department says
among other things, 'A bank having as director one of the
County Commissioners, is not eligible to bid for or become
the custodian of the county funds, and if it were to do so
and the Commissioners' Court awarded the funds to such a
bank, it would be a violation of law and the parties subject
to prosecution' C.M. Cureton, 1st Asst. Atty. Gen.

"In the next opinion which is also written by Judge Cureton,
Opinion No. 37, among other things the opinion says: 'Under
no circumstances, so long as you are County Judge and at
the same time a stockholder in the bank, can the Commis-
sioners' Court name the bank as County Depository.'

"I can find no court decisions on this matter and so far
as I can determine your department has not passed on the
question since the above said opinions were handed down,
Will you please give me your opinion at this time on this
question at your earliest convenience?"

In the case of First National Bank v. Terry, et al, 83 So. 170, the Supreme Court of Alabama stated:

"In common acceptance of that term, a depository is a contractee with ministerial duties, performance of which may be compelled in proper cases by the writ of mandamus."

The commissioners' court is composed of the several commissioners of the county and the county judge, and the county judge when present, is the presiding officer of said court. Article 2342, Vernon's Civil Statutes.

Article 2544 to Article 2558, inclusive, Vernon's Civil Statutes, as amended by House Bill No. 572, ch. 484, Regular Session, 45th Legislature, page 1298-1316, provides that the county commissioners' court of each county shall select, approve and supervise the county depository for such county.

Article 373 of the Penal Code provides:

"If any officer of any county, or of any city or town shall become in any manner pecuniarily interested in any contracts made by such county, city or town, through its agents, or otherwise, for the construction or repair of any bridge, road, street, alley or house, or any other work undertaken by such county, city or town, or shall become interested in any bid or proposal for such work or in the purchase or sale of anything made for or on account of such county, city or town, or who shall contract for or receive any money or property, or the representative of either, or any emolument or advantage whatsoever in consideration of such bid, proposal, contract, purchase or sale, he shall be fined not less than Fifty nor more than Five Hundred Dollars."

It is to be noticed that Article 373, supra, does not refer to all types of contracts in which the public officer may be interested, but is limited to "any contract * * * for the construction or repair of any bridge, road, street, alley or house, or any other work * * * or any bid or proposal for such work or in the purchase or sale of anything * * *". We are of the opinion that a contract with a bank to act as county depository is not such a contract as described in this Article.

Article 373, supra, is a penal statute, and our courts have consistently held that penal statutes cannot be extended beyond their plain meaning. In the case of Ratcliff v. State, 106 Tex. Cr. R. 37, the following language is quoted from Lewis Sutherland Statutory Construction, sec. 520:

"The case must be a very strong one indeed which would justify a court in departing from the plain meaning of the words, especially in a penal act, in search of an intention which the words themselves did not suggest."

It is a well established rule, however, even in the absence of a statute, that one in his official capacity cannot deal with himself in his individual capacity; and it is well settled in Texas that if a public official, directly or indirectly, has a pecuniary interest in a contract, no matter how honest he might be, and although he may not be influenced by the interest, such a contract is against public policy. Meyers, et al v. Walker, 276 S.W. 305; City of Edinburg v. Ellis, 59 S.W. (2d) 99.

Therefore, in view of the foregoing authorities, it is our opinion, and you are so advised, (1) that Article 372 of the Penal Code is not applicable to a contract with a bank to act as county depository; (2) that a contract as county depository made with a bank in which the county judge of the county is a director or stockholder, is void. For your information, we are enclosing herewith a copy of Opinion No. 0-2656, written upon a related question.

In further support of our conclusion number two, in the paragraph above, we call your attention to that portion of Article 2340, Vernon's Civil Statutes, wherein it is provided:

"Before entering upon the duties of their office, the county judge and each commissioner shall take the official oath, and shall also take a written oath that he will not be directly or indirectly interested in any contract with, or claim against, the county in which he resides, except such warrants as may issue to him as fees of office. * * *."

Letter Opinion Nos. 36 and 37, written by C. M. Cureton, Assistant Attorney General during the Looney Administration, referred to by you and which may be found on pages 170 and 172 of the Attorney Generals' Biennial Report for the year 1912-1914, likewise hold, in effect, that similar contracts entered into between the commissioners' court and a depository bank are absolutely void. The above opinions do not, in any way, refer to Article 373 of the Penal Code, therefore we cannot take the position that these opinions passed upon the application of said Article 373 to such a situation.

Trusting that this answers your question, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ B. Burle Daviss

D. Burle Daviss
Assistant

APPROVED JAN 22, 1941
s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

DBD:RS

APPROVED OPINION COMMITTEE
BY BWB, Chairman