

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 26, 1948

Mr. Joe Skiles, Business Manager
North Texas State Teachers College
Denton, Texas

Opinion No. V-640

Re: The legality of selecting a bank
as trustee for bondholders of a
college revenue bond issue when
an officer of the bank is also a
member of the college's board of
regents.

Dear Sir:

Two letters, one from you and one from Mr.
William L. Kerr, President of the Board of Regents,
State Teachers Colleges of Texas, both request an
opinion of this Department upon the above subject
matter. We have before us a copy of the proposed
contract evidencing an agreement by and between the
Board of Regents of the State Teachers Colleges of
Texas for and on behalf of the North Texas State
Teachers College at Denton and Dallas National Bank,
Dallas, Texas. The instrument evidences a contract
which, in legal effect, makes the bank an agent or
trustee for the benefit of bondholders of certain
revenue bond issue and likewise for the benefit of
the Board in divers respects, wherein the Board
agrees to make and maintain certain deposits with
the bank and agrees to pay for the bank's services
a stipulated monthly sum. The integrity and hon-
esty of the regent-officer is questioned by no one.
You are interested solely in the legal principle in-
volved.

This brief general statement of the nature
of the contract is sufficient for the purposes of our
opinion.

It is contrary to the public policy of the
State for public officers or boards of the State to
make contracts of the type above mentioned. This is
so because such public officers and boards owe to the

State their unbiased official discretion in the matter
of making contracts with others, and especially free
from personal interest adverse to the State.  The con-
tract of the Board of Regents, of which Mr. Thomas is
a member, with the bank, of which Mr. Thomas is Vice-
President, is in violation of the public policy above
mentioned.  City of Edinburg v. Ellis (Com. App.) 59 S.W.
(2d) 99.  It is not a question of whether or not the
public interest will actually suffer in permitting the
particular contract, but it is rather one of a sound
policy as to official conduct where the law will not
speculate upon the actualities following its violation.
Many years ago the Supreme Court reversed the judgment
of a district judge in a case where he was distantly
related to one of the parties, and sent the cause back
for another trial, saying, in its judgment of reversal,
that in truth the judge below had decided the case
properly.

## SUMMARY

A contract between the Board of Regents
of the State Teachers Colleges with a National
bank whereby the bank is to act as agent and
trustee for certain bond proceeds and the
Board pays to the bank certain monthly pay-
ments and keeps and maintains certain deposits,
is contrary to public policy and should not be
made.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By  _Ocie Speer_
Ocie Speer
Assistant

OS:wb

APPROVED:

_Fagan Dickson_
FIRST ASSISTANT
ATTORNEY GENERAL