

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 26, 1962

Honorable J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Opinion No. WW- 1362

Re: Legality of purchasing
bulk gasoline by school
districts from companies
whose consignees are
members of the school
board, and related questions.

Dear Dr. Edgar:

Your recent request for an opinion on the above subject
matter reads in part as follows:

"Recently school districts of this state
have requested this Agency to obtain an opinion
from the Office of Attorney General concerning
contracting for bulk gasoline and for servicing
of school owned vehicles when one or more of
its school board members are consignees for
oil companies. The situations are generally
outlined in the following questions:

"1. May a school district legally con-
tract by negotiation or sealed bid procedure,
for bulk gasoline needs of the district with
X or Y oil companies where one or more members
of the district school boards are consignees
of the rival gasoline firms. The bids are
made by the home office of the oil companies
but the account is serviced by local distri-
butors.

"2. May a school district legally con-
tract, by negotiation or sealed bid procedures,
for servicing of its school vehicles (washing,
greasing, oil changes, tire repair, etc.) with
a local retail service station managed by a
person who is employed on salary and commis-
sion basis by the parent company and responsible
to some extent to the local consignee of the
company. The consignee is a member of the dis-
trict school board. The company is the actual

owner of the station.

"In the first situation mentioned, it may be significant that the home office of the gasoline firm makes the quotation concerning the price of the gasoline. Consignee is not involved in arriving at the price.

"In the second situation, it may be of significance that very little material or product is involved in vehicle servicing. The major cost is labor of the manager and his employees.

". . .

"A. F. McFarlane, President, Board of Trustees, Del Rio Independent School District, Del Rio, Texas, stands ready to furnish any additional information as may be needed for purposes of this opinion."

During a telephone conversation with this office on June 7, 1962, Mr. McFarlane stated to us that the oil company consignees who also serve as members of the district school board would receive a commission in contract situation No. 1, if one of their respective companies were awarded the contract. Also, Mr. McFarlane stated that in contract situation No. 2, the consignee who supplies oil products to the retail service station would receive a sales commission on products supplied to the service station.

The sale of gasoline or other supplies to a school district by a person who is also a trustee of the school district is void as against public policy. Attorney General's Opinions O-878 (1939), O-1014 (1939), O-1589 (1939), O-2306 (1940), O-2758 (1940), and V-663 (1948), copies of which are enclosed herewith. This conclusion is based on the principle of law that contracts in which the official who made them may have a personal interest, and contracts giving an official a personal interest in any official act to be done by him, are contrary to public policy and void.

The fact that no school district trustee acts individually as a contracting party in either contract situation No. 1 or No. 2, is immaterial.

"From Dillon on Municipal Corporations, 5th Edition, Volume 2, pages 1140, 1143 to 1145, and 1146 to 1147, we quote

Dr. J. W. Edgar, page 3 (WW-1362)

as follows:

"It is a well-established and salutary
doctrine that he who is intrusted with the
business of others cannot be allowed to make
such business an object of pecuniary profit
to himself. This rule does not depend on
reasoning technical in its character, and is
not local in its application. It is based
upon principles of reason, of morality, and
of public policy. It has its foundation in
the very constitution of our nature, for it
has authoritatively been declared that a
man cannot serve two masters, and is recognized
and enforced wherever a well-regulated sys-
tem of jurisprudence prevails. . . .

"At common law and generally under
statutory enactment, it is now established
beyond question that a contract made by an
officer of a municipality with himself, or
in which he is interested, is contrary to
public policy and tainted with illegality;
and this rule applies whether such officer
acts alone on behalf of the municipality,
or as a member of a board or council. Neither
the fact that a majority of the votes of a
council or board in favor of the contract
are cast by disinterested officers, nor the
fact that the officer interested did not
participate in the proceedings, necessarily
relieves the contract from its vice. The
fact that the interest of the offending officer
in the invalid contract is indirect and is
very small is immaterial. . . .

". . ."

"As said in City of Edinburg v. Ellis, 59 S.W.2d 99
(1933), opinion by the Commission of Appeals:

'It is the general rule that municipal
contracts in which officers or employees of
the city have a personal pecuniary interest
are void.'"

According to the facts alleged in the first question.
the proposed contract for the purchase of gasoline is between

the school district and X or Y oil company. The bids are to be made by the home offices of the respective companies and no relationship to the school board is given other than the fact that one or more of the trustees of the school board are consignees of the rival companies. However, Mr. McFarland has stated that the consignee or wholesaler whose company is awarded the contract for gasoline will receive a commission based on the total volume of gasoline specified in the contract. The trustee of the school district who is also the consignee of the company receiving the contract would consequently have a pecuniary interest in the contract with the school district. You are therefore advised that such contract is void as against public policy.

Under the facts stated in your second question, the proposed contract is between the school district and a local company owned and operated service station. The local consignee or wholesaler who supplies this service station is also a member of the district school board. Although you state that the servicing of school vehicles will not involve the use of a significant amount of oil products, nevertheless the proper servicing of these vehicles will necessarily require some use of such products. As stated previously, the consignee who supplies this retail outlet with oil products would receive a sales commission from the consignor company. In this situation the trustee of the school district who supplies this station in the business capacity of an oil company consignee would have a pecuniary interest in the contract with the school district. You are therefore advised that such contract would be void as against public policy.

### S U M M A R Y

A contract for the purchase of bulk gasoline with an oil company whose consignee is a member of the district school board would be void as against public policy, because such consignee would receive a commission on the basis of the volume of gasoline specified in the contract.

A contract for servicing school district vehicles with a service station which is supplied by an oil company consignee, who is also a trustee of the district school board, would be void as against public policy for the reason that such trustee in his business capacity as a consignee would

receive a sales commission on products supplied
to the service station.

Very truly yours,

WILL WILSON
Attorney General of Texas

By:   I. Raymond Williams, Jr.
      Assistant

IRW:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
Coleman Gay
Bob Patterson

REVIEWED FOR THE ATTORNEY GENERAL
BY:   Leonard Passmore