CRYSTAL CITY, Plaintiff-Appellee,

v.

DEL MONTE CORPORATION, d/b/a Del Monte Foods, Inc., Defendant-Appellant.

No. 71–3144.

United States Court of Appeals, Fifth Circuit.

May 24, 1972.

Rehearing and Rehearing Denied En Banc June 26, 1972.

Francis G. Harmon, II, Frank G. Harmon, Houston, Tex., for defendant-appellant; Baker & Botts, Houston, Tex., of counsel.

Pat Maloney, San Antonio, Tex., by Jesse Gamez, San Antonio, Tex., for plaintiff-appellee.

Before AINSWORTH, GODBOLD and MORGAN, Circuit Judges.

AINSWORTH, Circuit Judge:

Both parties, the City of Crystal City, Texas, plaintiff, and the Del Monte Corporation, defendant, have appealed from an order of the District Court granting in part and denying in part cross-motions for summary judgments in this diversity case. The requirements of Fed. R.Civ.P. 56(c) for summary adjudication have not been met—the material facts are very much in dispute, and at this stage of the proceedings the record indicates that neither party is entitled to judgment as a matter of law.

The City of Crystal City, Texas, is an incorporated city in Zavala County, Texas. Del Monte Corporation, a New York corporation, owns and operates a food canning and processing plant within one mile of the city limits of Crystal City. In 1963, Crystal City entered into an agreement with Del Monte's predecessor whereby the City designated the property occupied by the plant as an industrial district and agreed that for a period of seven years it would not annex such property. In 1970, when the contract terminated, the City and Del Monte entered into a similar seven-year agreement. An ordinance approving the agreement was passed by the City Council.

This action was begun by Crystal City with the filing of a complaint in District Court for a declaratory judgment that the 1970 agreement and supporting ordinance were void under Texas State law, both civil and penal.[1] The basis of

---

1. Crystal City cites the following Texas statutes in support of its contentions:

Vernon's Tex.R.Civ.Stat.Ann., Art. 988 No member of the city council shall hold any other employment or office under the city government until he is a member of said council, unless herein otherwise provided. No member of the city council, or any other officer of the corporation, shall be directly or indirectly interested in any work, business or contract, the expense, price of consideration of which is paid from the city treasury, or by an assessment levied by an ordinance or resolution of the city council, nor be the surety of any person having a contract, work or business with said city, for the performance of which security may be required, nor be the surety on the offi-cial bond of any city officer. Acts 1875, p. 154; G.L. vol. 8, p. 526.

Vernon's Tex.Penal Code Ann. Art. 373 If any officer of any county, or of any city or town shall become in any manner pecuniarily interested in any contracts made by such county, city or town, through its agents, or otherwise, for the construction or repair of any bridge, road, street, alley or house, or any other work undertaken by such county, city or town, or shall become interested in any bid or proposal for such work or in the purchase or sale of anything made for or on account of such county, city or town, or who shall contract for or receive any money or property, or the representative of either, or any emolument or advantage whatsoever in consideration of such

the allegation was that a member of the City Council who was also an employee of Del Monte, and therefore had a personal interest in the contract, wrongfully voted for its passage.

Del Monte answered, denying illegality of the contract and ordinance, and the City thereafter filed its motion for summary judgment, incorporating therewith depositions taken on its behalf of C. Q. Crawford, Jr., former Councilman for the City, and R. A. Taylor, former City Attorney, and affidavits of the mayor and mayor pro-tem to the effect that at the Council meeting at which the 1970 ordinance was passed exempting the Del Monte area from annexation, Crawford had said that Del Monte had been his "bread and butter." Crawford, in his deposition, denied the statement.

Subsequently, the City filed an amended complaint seeking a declaration that the 1963 contract as well as the 1970 contract and the corresponding ordinances were void. The basis of this allegation was that at the time of the execution of the 1963 and 1970 contracts, the City Attorney for Crystal City, R. A. Taylor, was receiving a yearly legal retainer fee from Del Monte, thereby creating a further conflict of interest. In addition to the declaratory relief sought, the City, alleging fraud, demanded actual and exemplary damages plus attorney's fees.

After several procedural skirmishes, including an initial denial by the District Court of the City's motion for summary judgment, the granting of Del Monte's motion for a preliminary injunction to restrain the City from annexing the said property, and the filing by Del Monte of a motion for summary

judgment, the parties, by pretrial order, stipulated the following facts:

"At the time of the 1963 agreement and ordinance, R. A. Taylor, Jr. was City Attorney; at that time R. A. Taylor, Jr. was on a monthly retainer to California Packing Corporation, predecessor of Defendant; R. A. Taylor did not enter into any of the negotiations on behalf of either Plaintiff or Defendant to consummate the agreement of 1963; upon instructions of the then city manager, R. A. Taylor, Jr. drafted the ordinance whereby the City approved the agreement; C. Q. Crawford, Jr. was not then a city councilman; at the time of the passage of the 1970 ordinance approving the agreement on behalf of the city, R. A. Taylor Jr. was once again the City Attorney; he did not engage in negotiations for the renewal of the agreement between Plaintiff and Defendant; upon instruction of the then City Manager, he drafted the ordinance whereby the Plaintiff approved the agreement; in both 1963 and 1970, Taylor gave his opinion to the City Council that the respective Ordinances were legal and passage would be in the best interest of the City; C. Q. Crawford, Jr. was a shift foreman of Defendant at such time; C. Q. Crawford was a member of the city council when the 1970 ordinance was passed; the council voted four to zero to pass the ordinance, the mayor being absent from the meeting, and Crawford was present and voted for the ordinance."

Based on this stipulation, the District Court entered an order on the parties'

---

bid, proposal, contract, purchase or sale, he shall be fined not less than fifty nor more than five hundred dollars. Acts 1874, p. 48.

Vernon's Tex.Penal Code Ann. Art. 371
Any officer of any county or of any city or town who shall contract directly or indirectly, or become in any way interested in any contract for the purchase of any draft or order on the treasure of such county, city or town, or for any jury certificate of any other

debt, claim or demand for which said county, city or town may or can in any event be made liable, shall be fined not less than ten nor more than twenty times the amount of the order, draft, jury certificate, debt, claim or liability so purchased or contracted for. Within the term "officer," is included ex-officers until they have made a final settlement of their official accounts. Acts. 1874, p. 47.

motions for summary judgment, denying all damages, setting aside the injunction, finding the 1970 contract to be "at least voidable and probably void" but upholding the validity of the 1963 contract. The order appears in the margin.[2]

Del Monte contends that the stipulated facts are insufficient to warrant a determination that the 1970 ordinance and contract were invalid because of any conflict of interest. We agree. The District Court found that City Attorney Taylor's activities in 1963 neither constituted a conflict of interest nor created any influence on the City which would render the 1963 contract invalid. However, the District Court also found that the 1970 contract was void or voidable because of the combined participation of Taylor and Councilman Crawford. We are unable to determine which activities of Taylor, when combined with those of Crawford's, were considered objectionable by the Trial Court. According to the stipulated facts, Taylor acted in the same manner and performed the same services in 1970 as he did in 1963. If, as the District Court found, Taylor's activities in 1963 were not such as to render the 1963 contract invalid, why would the identical services in 1970 assist in rendering that contract invalid? In regard to Crawford's activities in 1970, the stipulation shows only that he was a member of the City Council and an employee of Del Monte at the

2.           ORDER
"On this 23rd day of June, 1971 came on to be considered the Motions of the Plaintiff and Defendant for Summary Judgment in the above styled case.
"This case was presented to the Court by the parties hereto on an agreed Stipulation of Facts upon which the Court makes the following findings:

1. The fact that R. A. Taylor was City Attorney in 1963 when the seven year contract was initially entered into did not involve such a conflict of interest by and between R. A. Taylor (who was also retained as counsel by Del Monte at $250.00 per year) as would constitute a conflict in loyalties that would vitiate the contract. There is no showing that Mr. Taylor's representation of the City at the time that the contract was approved and his advocating that it was beneficial to the City would constitute such a conflict of interest or so influence the City Councilmen in approving the contract as to render it either void or voidable. The Court, therefore, finds the 1963 Contract to be valid.
2. As to the 1970 Contract and the 1970 City Ordinance, the Court finds that the presence of C. O. [sic] Crawford, Jr. and R. A. Taylor together in their respective capacities as City Councilman and City Attorney rendered the contract at least voidable and probably void, and the injunction against annexing the land upon which Del Monte is located should be set aside.
3. The City is authorized to assess taxes for the appropriate periods from and after the date of the signing of the 1970 Contract.
4. No bad faith or fraud was shown by plaintiff in the case which would permit recovery of attorneys' fees.
"Based on the stipulated facts and the above findings the Court makes the following disposition of the said motions:
"It is hereby ORDERED, ADJUDGED AND DECREED that
1. As to the matters under the 1963 Contract, the Motion for Summary Judgment of the Defendant is GRANTED.
2. As to the Motion for Summary Judgment of the Plaintiff, The City of Crystal City, the motion is partially GRANTED insofar as to set aside the said injunction and to permit the plaintiff to set aside the 1970 Contract and Ordinance authorizing same and to allow the annexation of the defendant's property for tax purposes for all appropriate periods from and after the date of the 1970 Contract and the City Ordinance.
"The following claims are in all things DENIED:
1. The claim of Crystal City for actual damages as well as exemplary damages for the alleged fraud on the part of the defendant, i. e. the claim for $189,000 actual damages is denied; the claim for $378,000 punitive and exemplary damages is denied.
2. The claim of Crystal City for $150,000 in attorneys' fees is denied.
"It is FURTHER ORDERED that all Court costs be adjudged against the defendant."

time the 1970 ordinance was passed unanimously on his vote and the vote of three other members, the mayor being absent. These facts taken alone do not support a conclusion under the cited Texas statutory law or the Texas case law that the contract and ordinance were void or voidable. No authority is cited for the proposition that the mere fact that an officer of a city is also an employee of a corporation with which the city has contracted is sufficient of itself to invalidate that contract. We cannot determine the basis of the District Court's conclusions. We likewise have no way of knowing whether the Court considered the depositions or affidavits in the record. The order indicates that the District Judge's disposition of the motions was made on the stipulated facts alone, but these facts are insufficient to support his conclusions.

■ The statutes and ordinance relied on by the City as prohibiting the type of conflicting interest alleged to exist here, refer variously to a direct or indirect interest (Art. 988, Vernon's Annotated Texas Statutes) ; a pecuniary interest (Art. 373, Texas Penal Code) ; a direct or indirect financial interest (Section 130 of the City of Crystal City Charter) ; an interest (Art. 371, Texas Penal Code). The Texas appellate courts have interpreted the conflict of interest statutes as requiring that the prohibited interest by the city official be a "personal pecuniary interest" in order to invalidate a contract. See City of Edinburg v. Ellis, Texas Comm.App., 1933, 59 S.W.2d 99, in which the Court said:

"It has long been the public policy of this state to prohibit officers of a city from having a *personal pecuniary interest* in contracts with the city and this policy is specifically expressed in both the penal and civil statutes [citing Article 373, Penal Code, and Arti-cle 988, R.C.S.1925]." [Emphasis supplied.]

In Delta Electric Const. Co. v. City of San Antonio, Tex.App.1969, 437 S.W.2d 602, the Court considered the mere existence of a conflicting interest (apart from the effect or influence of that interest) as determinative in invalidating a contract between the City of San Antonio and a corporation whose president was an officer of the City. However, in discussing the type of interest prohibited it adopted the language of Edinburg v. Ellis, supra, referring to a "personal pecuniary interest." 437 S.W.2d at 609.

Whether or not Crawford had any interest — direct, indirect, personal or pecuniary — in the contract is a material fact disputed by the parties. Since the existence of such an interest is not stipulated, the Court was not justified in finding that the 1970 contract was "at least voidable and probably void." The City contends, however, that Crawford's personal pecuniary interest exists as a matter of law. This contention is contrary to the holding in City of Edinburg v. Ellis, supra, in which the plaintiff had sought to recover on an open account growing out of a contract between himself and the defendant City. In an attempt to avoid the contract, the City of Edinburg alleged fraudulent collusion between plaintiff and a city official. The Trial Court peremptorily instructed the jury to return a verdict for plaintiff. The Court of Civil Appeals (San Antonio) affirmed. However, the Texas Commission of Appeals (Section A) reversed and remanded, holding that the issue of interest in a contract, having been raised, was an issue of fact to be determined. Similarly, we hold that the question of whether or not Crawford had an interest in the contract is likewise a fact to be determined on the merits. [3]

3. The same is true in regard to the disputed issue of whether or not Taylor had an interest in either or both contracts sufficient to invalidate the contracts. A hearing on the merits is necessary to clarify this issue. The City contends that the District Court erred in failing to find the 1963 contract void upon the allegedly undisputed facts showing that in 1963 Taylor was

We have held that summary judgment is proper only "when the truth is clear, where the basic facts are undisputed and the parties are not in disagreement regarding material factual inferences that may be properly drawn from such facts. Cole v. Chevron Chemical Co., 427 F.2d 390 (5th Cir., 1970)." Sindermann v. Perry, 5 Cir. 1970, 430 F.2d 939, 943. Despite the material dispute existing the District Court upheld the 1963 contract and denied the validity of the 1970 contract. While we intimate no opinion on the merits of the case, it is clear that the stipulated facts do not sustain the conclusion of the Trial Court in respect to either contract.

The granting of a motion for summary judgment is the exception rather than the rule, Lovable Company v. Honeywell, Inc., 5 Cir., 1970, 431 F.2d 668, 670, and the exception may be utilized only where there is no triable issue, that is, where both of the requisites of Fed.R.Civ.P. 56(c) have been met — where there remains no genuine issue as to a material fact and the moving party is entitled to judgment as a matter of law. Notwithstanding that both parties have moved for summary judgment, neither of these requirements has been met.

Reversed and remanded.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is DENIED and no member of this panel nor Judge in regular active service on the Court having requested that the Court

both City Attorney and the recipient of a retainer fee from Del Monte, that he advocated the 1963 contract and ordinance which not only saved Del Monte ad valorem taxes for seven years but deprived the City of these taxes for that period. This, however, is not a correct statement of the facts stipulated. While it may be assumed that in the absence of annexation of property there is likewise no taxation, it is equally obvious from other non-stipulated facts contained in exhibits at-

be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is DENIED.

tached to the City's pleadings that the agreement not to annex resulted in benefits to the City. For example, the corporation is a major source of employment to local citizens; large sums of money are spent by Del Monte in the City for raw materials, services and supplies; Del Monte provides the City emergency access to its private water supply. It is thus apparent that the parties disagree even in regard to what facts are stipulated.