

# The Attorney General of Texas

March 26, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P O Box 12548
Austin. TX 78711
512.475-2501

701 Commerce. Suite 200
Dallas. TX 75202
214/742-8944

4824 Alberta Ave . Suite 160
El Paso TX 79905
915/533-3484

723 Main. Suite 610
Houston. TX 77002
713/228-0701

806 Broadway Suite 312
Lubbock, TX 79401
806 747-5238

4313 N Tenth Suite F
McAllen TX 78501
512 682-4547

200 Main Plaza Suite 400
San Antonio TX 78205
512/225-4191

An Equal Opportunity·
Affirmative Action Employer

Honorable George Kirkpatrick, Jr.
District Attorney
Hardin County Courthouse
Kountze, Texas 77625

Opinion No. MW-155

Re: Validity of city's use of county landfill garbage dump when the county has contracted with city councilmen to operate the dump.

Dear Mr. Kirkpatrick:

You have requested our opinion concerning the use by the City of Kountze, Texas, of a county landfill garbage dump when the county has contracted with two Kountze city councilmen to operate the dump. The contract between the county and the city councilmen provides that, in addition to certain payments from the county, the councilmen are authorized to charge certain fees from users of the dump. Under this contract the fees are paid to and retained by the councilmen. Since the effective date of this contract the City of Kountze has utilized this dump and incurred substantial user fees which have not been paid.

Article 988, V.T.C.S., provides, in part: "No member of the city council . . . shall be directly or indirectly interested in any work, business or contract, the expense, price or consideration of which is paid from the city treasury. . . ."

Whether a municipal official has an unlawful interest in a municipal contract is ordinarily a question of fact. Meyers v. Walker, 276 S.W. 305 (Tex. Civ. App. — Eastland 1925, no writ). Texas Anchor Fence Co. v. City of San Antonio, 71 S.W. 301 (Tex. Civ. App. 1902, no writ). However, since the user fees from the city would be paid directly to the councilmen, this obligation is clearly prohibited by article 988, V.T.C.S., and is void as against public policy. City of Edinburg v. Ellis, 59 S.W.2d 99 (Tex. Comm'n App. 1933, holding approved); Attorney General Opinion MW-34 (1979). The authority of the city to contract for landfill usage may also be subject to competitive bidding. See article 2368a, V.T.C.S.; Attorney General Opinion MW-91 (1979). While the city may not pay user fees which directly or indirectly accrue to the benefit of the city councilmen, it may contract for landfill services with the county. Article 4413(32c), V.T.C.S.

## SUMMARY

A city cannot pay user fees to city councilmen who operate a county landfill dump under contract with the county.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Jim Allison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Walter Davis
Bob Gammage
Susan Garrison
Rick Gilpin
Bruce Youngblood