Office of the Attorney General · State of Texas



December 8, 1999

The Honorable Chris Harris
Chair, Committee on Administration
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. JC-0155

Re: Whether individual whose property is subject of tax abatement agreement may serve as member of city council that granted the abatement, and related questions (RQ-0102-JC)

Dear Senator Harris:

The Property Redevelopment and Tax Abatement Act, chapter 312 of the Tax Code, allows the governing body of a municipality to enter into a tax abatement agreement with the owner of taxable real property located in a reinvestment zone, under certain circumstances, for the purpose of economic development of the property. *See* TEX. TAX CODE ANN. § 312.204 (Vernon 1992 & Supp. 1999). Property that is owned or leased by a member of the municipality's governing body, however, is not eligible for a tax abatement agreement. *See id.* § 312.204(d) (Vernon 1992). You ask about the application of this provision to an individual "who has an ownership in a company that has received a municipal tax abatement." Letter from Honorable Chris Harris, Chair, Committee on Administration, Texas State Senate, to Honorable John Cornyn, Texas Attorney General (received Aug. 20, 1999) (on file with Opinion Committee) [hereinafter "Request Letter"].

Chapter 312 of the Tax Code removes property owned by a member of a governmental body from eligibility for a tax abatement from that body: "Property that is in a reinvestment zone and that is owned or leased by a member of the governing body of the municipality or by a member of a zoning or planning board or commission of the municipality is excluded from property tax abatement or tax increment financing." TEX. TAX CODE ANN. § 312.204(d) (Vernon 1992).

As a preliminary matter, we assume that the individual's ownership interest is sufficient to make the individual an "owner" of the property for purposes of the Tax Abatement Act. This office concluded in Attorney General Letter Opinion 98-001 that the terms "owned" and "owner" in chapter 312 "refer to a property interest that includes at least some degree of control over the property and do not embrace a mere beneficial or equitable interest in property completely lacking such control." Tex. Att'y Gen. LO-98-001, at 3. Thus, the opinion concludes that a person who owns legal title to property or who is the sole shareholder of a corporation who has the authority to dispose of corporate assets may be the owner of property for purposes of chapter 312, while the owner of a very small percentage of shares of a publicly held corporation is not. *See id.* In this case,

we assume that the individual's level of "ownership in a company," as you describe it, makes the individual the owner of the property for purposes of chapter 312. *See* Request Letter.

You first ask whether it is acceptable for the owner of property that received a municipal tax abatement to be elected to and serve on the city council where the city council "reaffirms the abatement each year for the life of the original abatement." *Id.* The Tax Abatement Act does not speak to the eligibility of a property owner to serve as a member of the governing body that grants a tax abatement. Rather, it removes property from tax-abatement eligibility if the property owner is a member of the governing body. Thus, although the property owner is not barred by chapter 312 from being elected to the city council, the owner's position on the council makes his property ineligible for a tax abatement agreement.

You also ask whether property in a reinvestment zone continues to qualify for a municipal tax abatement once its owner is elected to the city council. We conclude that it does not. Section 312.204(d) states that property owned by a member of the governing body of the municipality "is excluded from property tax abatement." TEX. TAX CODE ANN. § 312.204(d) (Vernon 1992). Read plainly, the statute provides that property owned by a member of the city council may not receive a municipal tax abatement. The statute makes no exception for tax abatement agreements already in effect when the property owner becomes a member of the governing body. Courts and this office normally construe conflict-of-interest provisions strictly, so as to avoid a conflict. *See City of Edinburg v. Ellis*, 59 S.W.2d 99, 99-100 (Tex. Comm'n App. 1933, holding approved); Tex. Att'y Gen. Op. Nos. JC-0018 (1999) at 3; DM-310 (1994) at 3. The Texas Supreme Court has said, in a case involving a city council member's pecuniary interest in a contract with the city, that laws prohibiting public officers from being interested in public contracts should be "scrupulously enforced." *Ellis*, 59 S.W.2d at 100. Accordingly, we conclude that property may not continue to receive a municipal tax abatement once its owner is elected to the city council.

Finally, you ask about the status of any votes made by the property owner since his election to the city council. Votes on the tax abatement agreement are a nullity, since the agreement became ineffective once the property owner became a member of the city council. Votes on matters unrelated to the tax abatement agreement or to the tax-abated property are not affected by the council member's status as the owner of the property. However, votes the council member might have made on matters related to his property, if any such votes were made aside from votes on the tax abatement agreement, are governed by the conflict-of-interest provision in chapter 171 of the Local Government Code.

Chapter 171 of the Local Government Code prohibits a local public official from participating in a vote on a matter involving a business entity or real property in which the official has a substantial interest if it is reasonably foreseeable that an action on the matter would confer a special economic benefit on the business entity or real property that is distinguishable from the effect

on the public. *See* TEX. LOC. GOV'T CODE ANN. § 171.004 (Vernon 1999). Chapter 171 defines what it means to have a "substantial interest" in a business or property:

> (a) For purposes of [chapter 171], a person has a substantial interest in a business entity if:
>
> (1) the person owns 10 percent or more of the voting stock or shares of the business entity or owns either 10 percent or more or $15,000 or more of the fair market value of the business entity; or
>
> (2) funds received by the person from the business entity exceed 10 percent of the person's gross income for the previous year.
>
> (b) A person has a substantial interest in real property if the interest is an equitable or legal ownership with a fair market value of $2,500 or more.

*Id.* § 171.002(a)(b). A public official who knowingly violates this prohibition commits a Class A misdemeanor. *See id.* § 171.003(b).

If the city council member about whom you ask has a substantial interest in the real property that is the subject of the tax abatement agreement, or in the business entity that owns the property, and it is reasonably foreseeable that an action on the matter would confer a special economic benefit on the business entity or property that is distinguishable from the effect on the public, then section 171.004 of the Local Government Code requires the city council member to file an affidavit stating the nature and extent of his interest and to abstain from participation in the matter.

Votes made in violation of section 171.004 of the Local Government Code are voidable only if the measures on which the council member voted would not have passed without his vote:

> The finding by a court of a violation under this chapter does not render an action of the governing body voidable unless the measure that was the subject of an action involving a conflict of interest would not have passed the governing body without the vote of the person who violated the chapter.

*Id.* § 171.006. Thus, any actions taken by the city council that included the vote of the property owner in violation of section 171.004 are not void; they are voidable, but only under certain circumstances. Violations of section 171.004 are addressed by punishing the offender, not by voiding the council's action.

The city should also look to its own charter and ordinances to determine whether they place additional restrictions on a council member's participation in matters affecting property owned by the member. Section 171.004 of the Local Government Code is cumulative of municipal charter provisions and municipal ordinances defining and prohibiting conflicts of interest. *Id.* § 171.007(b).

## S U M M A R Y

The Property Redevelopment and Tax Abatement Act, chapter 312 of the Tax Code, does not bar a property owner from serving on the city council that granted a municipal tax abatement to the property owner. However, the owner's position on the council makes his property ineligible to continue to receive a tax abatement. Section 171.004 of the Local Government Code bars him from participating in a vote on a matter involving the property if he has a substantial interest in the property or in the business that owns the property, and if it is reasonably foreseeable that an action on the matter would confer a special economic benefit on the property that is distinguishable from the effect on the public. Votes made in violation of section 171.004 of the Local Government Code are voidable only if the measures on which the property owner voted would not have passed without his vote.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Barbara Griffin
Assistant Attorney General - Opinion Committee