ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

September 30, 2005

The Honorable Mark E. Price
San Jacinto County Criminal District Attorney
1 State Highway 150, Room 21
Coldspring, Texas 77331

Opinion No. GA-0360

Re: Whether the San Jacinto County Auditor may serve as the accountant for the San Jacinto County Emergency Services District (RQ-0329-GA)

Dear Mr. Price:

You ask whether the San Jacinto County Auditor may serve as the accountant for the San Jacinto County Emergency Services District (the "ESD"). In particular, you raise the Texas Constitution's bar against dual office holding, article XVI, section 40; the common-law doctrine of incompatibility; and two statutes, Local Government Code chapter 171, relating to local public officials' conflicts of interest, and Local Government Code section 84.007, requiring the county auditor to take an oath that he will not be personally interested in a contract with the county.[1]

## I.     Background

Your query arises because the San Jacinto County Auditor may be hired by the ESD as its accountant. You are concerned that the county auditor as accountant for the ESD may audit his own books. You state that it "is a serious problem [that] the Auditor would be auditing the books he himself prepared. This negates the purpose of a second independent audit and could be construed as an appearance of impropriety." Request Letter, *supra* note 1, at 2.

A county auditor is appointed to a two-year term by the district judges with jurisdiction in the county. *See* TEX. LOC. GOV'T CODE ANN. §§ 84.002-.004 (Vernon 1999 & Supp. 2004-05); *see also id.* § 152.031 (Vernon 1999) (district judges determine the county auditor's compensation, travel expenses, and other allowances). A county auditor's main duties under the Local Government Code include keeping and examining county financial records, *see, e.g., id.* §§ 112.007, 114.024, 115.001, and verifying that county expenditures are authorized, *see, e.g., id.* §§ 113.043, .064. The

---

[1]*See* Letter from Honorable Mark E. Price, San Jacinto County Criminal District Attorney, to Honorable Greg Abbott, Texas Attorney General (Mar. 18, 2005) [hereinafter Request Letter]; Letter from Honorable Mark E. Price, San Jacinto County Criminal District Attorney, to Nancy S. Fuller, Chair, Opinion Committee, Office of Attorney General (Apr. 27, 2005) [hereinafter Supplemental Letter] (letters on file with Opinion Committee, *also available at* http://www.oag.state.tx.us).

Local Government Code expressly provides that a claim, bill, or account against the county may not be paid until it has been examined and approved by the county auditor. *See id.* § 113.064. A "county auditor may not audit or approve a claim unless the claim was incurred as provided by law." *Id.* § 113.065. "The language of these statutes is mandatory. They impose on the auditor the responsibility, before approving a claim, to determine whether it strictly complies with the law governing county finances." *Smith v. McCoy,* 533 S.W.2d 457, 459 (Tex. Civ. App.–Dallas 1976, writ dism'd) (addressing former articles 1660 and 1661, Revised Civil Statutes, the statutory predecessors to Local Government Code sections 113.064-.065); *see also Crider v. Cox,* 960 S.W.2d 703, 706 (Tex. App.–Tyler 1997, pet. denied) ("A claim against the county may not be approved by the Auditor unless it was incurred in accordance with the law.") (citing Local Government Code section 113.065).

You inform us that the ESD, which is located wholly within San Jacinto County, "was formed under [chapter] 775 of the Health and Safety Code. Based upon an election in 2001, the Rural Fire District was changed to an emergency services district." Supplemental Letter, *supra* note 1, at 1; *see also* TEX. HEALTH & SAFETY CODE ANN. § 775.026(a) (Vernon Supp. 2004-05) ("Each rural fire prevention district created under former Chapter 794 is converted to an emergency services district operating under this chapter.").

A chapter 775 emergency services district located wholly within a county, such as the ESD, is governed by a board of commissioners appointed by the commissioners court. *See* TEX. HEALTH & SAFETY CODE ANN. § 775.034 (Vernon Supp. 2004-05). A district may "enter into and perform necessary contracts," including contracts with other public entities. *See id.* § 775.031(a)(2), (9)-(10). Chapter 775 also generally authorizes a district to "appoint and employ necessary officers, agents, and employees." *Id.* § 775.031(a)(3). It does not specifically require an emergency services district to employ an accountant or establish duties for such a position. We assume that the ESD's accountant is not a district officer but an employee who serves at the district board's will.

Chapter 775 requires the board to provide the commissioners court with an annual report regarding the district's financial condition and an audit report. *See id.* §§ 775.036(a)(4) (Vernon 2003), .082(b).[2] In addition, section 775.082 expressly contemplates that the county auditor will have access to the district's records and may be required to audit the district:

> (a) The county auditor . . . shall have access to the books, records, officials, and assets of the district.
>
> (b) A district shall prepare and file with the commissioners court . . . on or before June 1 of each year an audit report of the district's fiscal accounts and records. The audit shall be performed and the report shall be prepared at the expense of the district. The

---

[2]*As amended by* Act of May 13, 2005, 79th Leg., R.S., ch. 120, § 2, 2005 Tex. Sess. Law Serv. (effective Sept. 1, 2005).

county auditor, with the approval of the commissioners court, shall adopt rules relating to the format of the audit and report. . . . .

(c)   The person who performs the audit and issues the report must be an independent certified public accountant or firm of certified public accountants licensed in this state, unless the commissioners court by order requires the audit to be performed by the county auditor at least 120 days before the end of the district's fiscal year.

(d)   The commissioners court, on application made to the commissioners court by the district, may extend up to an additional 30 days the deadline for filing the audit report.

(e)   If the district fails to complete and file the audit report within the time provided by Subsection (b) or (d), the commissioners court may order the county auditor to perform the audit and issue the report. . . . .

(f)   The district shall pay all costs incurred by the county auditor to perform an audit and issue the report required by this section, unless otherwise ordered by the commissioners court[.]

*Id.* § 775.082.[3]

You state that the ESD "receives property tax money from San Jacinto County at the rate of ten cents on the dollar.[4] Seven cents of the collected money is used toward ambulance expenses and three cents is used towards the Fire Departments within San Jacinto County." Supplemental Letter, *supra* note 1, at 1 (footnote added). San Jacinto County and the ESD "have an interlocal agreement for Buildings, Maintenance and Support and a contract for providing fire suppression and rescue services." *Id.*

## II.    Analysis

### A.    Article XVI, Section 40(a)

Article XVI, section 40(a) of the Texas Constitution provides in pertinent part that "[n]o person shall hold or exercise at the same time, more than one civil office of emolument." TEX. CONST. art. XVI, § 40(a).   As the Texas Supreme Court observed in *Aldine Independent School District v. Standley*, 280 S.W.2d 578 (Tex. 1955), "the determining factor which distinguishes a

---

[3]*Id.*

[4]The ESD assesses taxes and the county tax assessor "is the assessor-collector for the district." TEX. HEALTH & SAFETY CODE ANN. § 775.074(a), (e) (Vernon 2003); *see also* TEX. CONST. art. III, § 48-e.

public officer from an employee is whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others." *Aldine*, 280 S.W.2d at 583. An "emolument" for purposes of article XVI, section 40 is any "pecuniary profit, gain or advantage." *Irwin v. State*, 177 S.W.2d 970, 973 (Tex. Crim. App. 1944), *overruled on other grounds, Angel v. State*, 740 S.W.2d 727 (Tex. Crim. App. 1987).

A county auditor is a public officer and holds a civil office of emolument under article XVI, section 40. *See* Tex. Att'y Gen. Op. No. JM-333 (1985) at 1. However, we assume that the accountant for the ESD serves as an employee at the district board's will, *see* TEX. HEALTH & SAFETY CODE ANN. §§ 775.031(a)(3), .036(a)(5) (Vernon Supp. 2004-05), and does not exercise "any sovereign function of the [ESD] . . . largely independent of the control of others,"[5] and therefore does not hold a civil office of emolument in that capacity. Assuming this is the case, article XVI, section 40(a) does not bar the county auditor from serving as the ESD's accountant. *See, e.g.*, Tex. Att'y Gen. Op. Nos. GA-0273 (2004) at 2 ("Because an instructor at a community college does not hold an office of emolument, article XVI, section 40 does not bar a district attorney from simultaneously holding the position of instructor at a community college."), GA-0214 (2004) at 5 ("Unless a peace officer holds a 'civil office' within Texas Constitution article XVI, section 40, that provision does not bar him from being employed and commissioned by two law enforcement agencies.").

## B. Common-Law Incompatibility

The common-law doctrine of incompatibility is "not a single doctrine," but comprises three aspects: (1) conflicting loyalties; (2) self-appointment; and (3) self-employment. *See* Tex. Att'y Gen. Op. No. GA-0132 (2003) at 2. You are concerned that the county auditor's service as accountant for the ESD would violate conflicting-loyalties incompatibility. *See* Request Letter, *supra* note 1, at 2. However, the first two strands apply when a person holds two public offices, prohibiting public officers from holding offices with conflicting public duties and precluding public bodies from appointing one of their members to another office. *See Ehlinger v. Clark*, 8 S.W.2d 666, 674 (Tex. 1928); *Thomas v. Abernathy County Line Indep. Sch. Dist.*, 290 S.W. 152, 153 (Tex. Comm'n App. 1927, judgm't adopted); Tex. Att'y Gen. Op. Nos. GA-0132 (2003) at 2, JC-0270 (2000) at 2 ("'conflicting loyalties' incompatibility does not prohibit an individual from holding two positions where one of those positions does not constitute an 'office'"). Assuming that the ESD accountant does not hold a public office, neither strand bars the county auditor from serving in that position.

In addition, we note that the last strand, self-employment, arises when a person holds an office and an employment. It prevents a public officer from serving in an employment position that the public officer supervises. *See* Tex. Att'y Gen. Op. Nos. GA-0132 (2003) at 2, JC-0225 (2000) at 2 (common-law doctrine of incompatibility bars one person from holding "an office and employment if the office has a supervisory role over the employment"). The county auditor, who must have access to the ESD's records, adopts rules relating to the district's audit and report,

---

[5]*Aldine*, 280 S.W.2d at 583.

and may be charged with auditing the district, clearly has supervisory authority over the ESD's finances and financial records. *See* TEX. HEALTH & SAFETY CODE ANN. § 775.082.[6] However, the ESD accountant is employed by the district and presumably serves at the board's will. *See id.* § 775.031(a)(3) (Vernon Supp. 2004-05). The county auditor does not employ the ESD's accountant and has no direct authority over that position. Accordingly, self-employment incompatibility does not preclude the county auditor from serving as the ESD accountant.

## C.    Local Government Code, Chapter 171

Chapter 171 of the Local Government Code regulates local public officials' conflicts of interests. *See* TEX. LOC. GOV'T CODE ANN. §§ 171.001-.010 (Vernon 1999 & Supp. 2004-05). It generally requires a local public official with a substantial interest in a business entity to file with the governmental entity's official record keeper "an affidavit stating the nature and extent of the interest" before the governmental entity votes on or decides a matter involving the business entity and to abstain from participating in the matter if "the action . . . will have a special economic effect on the business entity that is distinguishable from the effect on the public." *Id.* § 171.004(a)(1) (Vernon 1999).

Section 171.007(a) provides that chapter 171 "preempts the common law of conflict of interests as applied to local public officials." *Id.* § 171.007(a). Thus, chapter 171 repeals the common-law rule that barred local governmental bodies from contracting with a business entity in which a member of the governmental body had a personal economic interest and made such contracts void. *See City of Edinburg v. Ellis*, 59 S.W.2d 99, 99-100 (Tex. Comm'n App. 1933, holding approved); *Delta Elec. Constr. Co. v. City of San Antonio*, 437 S.W.2d 602, 609 (Tex. Civ. App.–San Antonio 1969, writ ref'd n.r.e.); *Meyers v. Walker*, 276 S.W. 305, 307 (Tex. Civ. App.–Eastland 1925, no writ) (holding a public contract invalid because a member of the contracting governmental body had a personal economic interest in it).

A county auditor is a "local public official" subject to chapter 171,[7] and is therefore required to comply with its requirements when taking an action that will affect a business entity in which he or she has a substantial interest. *See* Tex. Att'y Gen. Op. No. DM-303 (1994) at 2-3. You indicate that the ESD accountant position is paid, but you understand that the county auditor's compensation as ESD accountant would be less than ten percent of the county auditor's gross income, *see* Request Letter, *supra* note 1, at 1, and therefore would not constitute a substantial interest under chapter 171. *See* TEX. LOC. GOV'T CODE ANN. § 171.002 (Vernon 1999) (defining "substantial interest"). However, whether the county auditor's ESD salary would exceed ten percent of his gross income is immaterial because the ESD does not constitute a "business entity" for purposes of chapter 171.

---

[6]*See supra* note 2.

[7]*See* TEX. LOC. GOV'T CODE ANN. § 171.001(1) (Vernon 1999) ("'Local public official' means a member of the governing body or another officer, whether elected, appointed, paid, or unpaid, of any district (including a school district), county, municipality, precinct, central appraisal district, transit authority or district, or other local governmental entity who exercises responsibilities beyond those that are advisory in nature.").

A chapter 775 emergency services district "is a political subdivision of the state." TEX. HEALTH & SAFETY CODE ANN. § 775.031(a) (Vernon Supp. 2004-05). The term "business entity" is defined in chapter 171 of the Local Government Code as "a sole proprietorship, partnership, firm, corporation, holding company, joint-stock company, receivership, trust, or any other entity recognized by law." TEX. LOC. GOV'T CODE ANN. § 171.001(2) (Vernon 1999). This office has held that local governmental entities, like counties, cities and school districts, are not business entities under chapter 171. *See* Tex. Att'y Gen. Op. Nos. GA-0195 (2004) at 3 (concluding that a city is not a business entity under chapter 171, and a local public official who is employed by a city is not required under chapter 171 to disclose his interest in and abstain from voting on matters involving the city), GA-0031 (2003) at 2 (concluding that a school district is not a business entity under chapter 171), JC-0061 (1999) at 3 (concluding that a county is not a business entity under chapter 171), JM-852 (1988) at 3-4 (state university is not a business entity under chapter 171). For example, in Attorney General Opinion DM-267, this office concluded that a city is not a business entity for purposes of chapter 171 of the Local Government Code. *See* Tex. Att'y Gen. Op. No. DM-267 (1993) at 2. Rather, it is "'[a] political entity or subdivision for local governmental purposes.'" *Id.* (quoting Black's Law Dictionary 244 (6th ed. 1990)).[8]

Based on this authority, we conclude that an emergency services district, a political subdivision of the state created under and governed by chapter 775 of the Health and Safety Code, is not a business entity under chapter 171. Accordingly, if the county auditor accepts employment with the ESD, chapter 171 would not regulate the county auditor with respect to his ESD salary. *See* Tex. Att'y Gen. Op. No. GA-0195 (2004) at 2.

**D.     Oath of Office Provision**

You also raise Local Government Code section 84.007(b), which requires a county auditor to take a special oath that he will not be interested in county contracts. *See* Request Letter, *supra* note 1, at 2. Section 84.007(b) provides that "[t]he county auditor must take the official oath and a written oath . . . that states . . . that he will not be personally interested in a contract with the county." TEX. LOC. GOV'T CODE ANN. § 84.007(b) (Vernon 1999). Opinions on section 84.007(b) and its predecessor have related to county contracts with the county auditor or with a private entity in which the auditor had an interest involving ownership or control. *See* Tex. Att'y Gen. Op. Nos. WW-1241 (1962) at 4 (county auditor could not own stock in oil company with which county has business dealings, nor could he own stock or serve as director of bank serving as county depository), V-381 (1947) at 6 (county auditor could not sell goods, services, or materials to the county); *see also* Tex. Att'y Gen. LO-89-11, at 1 (section 84.007(b) prohibits county auditor from selling road materials to the county).

---

[8]"[T]he phrase 'other entity recognized by law' in section 171.001(2) 'should be read to refer to private entities organized in a form authorized or recognized by the legislature to carry out purposes similar to the purposes' of the listed entities." Tex. Att'y Gen. Op. No. JC-0061 (1999) at 3 (quoting Tex. Att'y Gen. Op. No. JM-852 (1988) at 4).

We will consider whether the county auditor's salary for employment with the ESD would be a personal interest in the county's contracts with the ESD.[9] No judicial decisions or attorney general opinions have considered whether a salary received by a county auditor from a governmental entity that contracts with the county would be a personal interest in a contract with the county under section 84.007(b). However, this office has determined for purposes of the common-law conflict of interest rule that a public official employed by a private entity has an interest in a public contract between the private entity and the governmental body.

The common-law rule bars a public official who has individual or shared authority to enter into public contracts from "directly or indirectly" having a pecuniary interest in such contracts. *Meyers*, 276 S.W. at 307. If the public official has a pecuniary interest in such a public contract, the "contract so made is violative of the spirit and letter of our law, and is against public policy." *Id.* (citing *Knippa*, 66 S.W. at 324). *See also Ellis*, 59 S.W.2d at 99-100, *Bexar County v. Wentworth*, 378 S.W.2d 126, 128-29 (Tex. Civ. App.–San Antonio 1964, writ ref'd n.r.e.); *see also* TEX. LOC. GOV'T CODE ANN. § 81.002(a)(1) (Vernon Supp. 2004-05) (member of the commissioners court must take an oath that he "will not be interested, directly or indirectly, in a contract with or claim against the county except . . . a contract or claim expressly authorized by law"). *See also Anderson v. Wood*, 152 S.W.2d 1084, 1085 (Tex. 1941) (commissioners court "alone has authority to make contracts binding on the county, unless otherwise specifically provided by statute").

Thus, this office has determined that a public officer employed by a private business entity has an interest in the business entity, so that a governmental body may not contract with a business entity that employs one of its members. *See, e.g.*, Tex. Att'y Gen. Op. No. JC-0507 (2002) at 1, 9 (state university may not contract with a bank that employs a member of the board of regents as an officer); JM-884 (1988) at 2-3 (Texas Commission for the Deaf may not contract with a local non-profit entity that employs a commission member in a paid position); JM-171 (1984) at 3 (city council may not contract with firm that employs a city council member); H-916 (1976) at 3 (a school district may not contract with a company that employed a member of the district's board of trustees in a managerial capacity, even though the trustee derived no direct financial benefit from the contract); Tex. Att'y Gen. LO-93-012, at 3 (state university may not contract with law firm that employs regent as partner). We will consider whether the reasoning of these opinions applies to employment with a governmental entity.

Attorney General Opinion H-916 was the first opinion of this office to determine that the common-law conflict of interest rule prohibited a government entity from contracting with a business that employed a member of the entity's governing body. *See* Tex. Att'y Gen. Op. No. H-916 (1976) at 2-3. Based on a review of out-of-state cases, it concluded that the common-law rule prevented a school district from contracting with a company that employed a school board member in a managerial capacity. *See id.* at 3. In reaching this conclusion, Attorney General Opinion H-916 emphasized the success of the company and the employee's interest in the financial well-being of the company. *See id.* at 2-3. The opinion quoted a Wisconsin case stating that an individual "'had

---

[9]While a salary or other pecuniary benefit received from the ESD could be a personal interest in a contract, the duties performed by the ESD are not such an interest.

such an interest in the business and welfare of his company as would naturally tend to affect his judgment.'" *Id.* at 2 (quoting from *Edward E. Gillen Co. v. City of Milwaukee*, 183 N.W. 679, 681 (Wis. 1921)). "If his company prospered, 'his service and salary might be continued, and . . . he might be promoted.'" *Id.* It also relied upon *Stockton Plumbing & Supply Co. v. Wheeler*, 229 P. 1020 (Cal. Dist. Ct. App. 1924), in which a city awarded a contract to a company that employed a city council member. *See Stockton*, 229 P. at 1021-22. The court in *Stockton* determined that the contract was invalid because of the city councilman's interest in it. Although "he would not derive direct pecuniary gain from the contract, he certainly would indirectly be so benefitted, since upon the success of petitioner's business financially primarily depends the continued tenure of his position and the compensation which he receives." *Id.* at 1024 (quoted by Attorney General Opinion H-916 (1976) at 2).

An employee's interest in his company's success and financial well-being, while relevant to a county contract with a private company that employs a member of the commissioners court, is not relevant to contracts under the Interlocal Cooperation Act (the "Act"). The purpose of the Act is "to increase the efficiency and effectiveness of local governments," and tax-supported governmental entities like the ESD[10] and the county contract with one another under it to facilitate joint efforts toward common goals, not to generate profits. TEX. GOV'T CODE ANN. §§ 791.001 (Vernon 2004) (stating purpose of the Act); 791.011(e) ("[a]n interlocal contractual payment must be in an amount that fairly compensates the performing party for the services or functions performed"). The parties to an interlocal contract may "create an administrative agency [or] designate an existing local government . . . [t]o supervise the performance of [the] contract." *Id.* § 791.013(a). Thus, an interlocal contract does not involve the kind of separation between contracting parties that is required when a governmental entity contracts with a private company.

Moreover, the predecessor of Local Government Code section 84.007(b) as adopted in 1905, provided that the auditor shall include in his oath "that he will not personally be interested in any contract with the county."[11] This requirement, which has been carried forward virtually unchanged,[12] was adopted well before the advent of interlocal contracting. The Interagency Cooperation Act, which authorizes certain contracts between state agencies, was adopted in 1953 because "the present law does not authorize interagency reimbursements for services which will increase the efficiency and economy of governmental administration."[13] The predecessor of Agriculture Code section 201.152 authorizing counties, cities, and other political subdivisions to enter into contracts with soil conservation districts to establish, operate, and maintain flood prevention and soil conservation

---

[10]*See* TEX. HEALTH & SAFETY CODE ANN. §§ 775.031(a)(5) (Vernon Supp. 2004-05), .074 (Vernon 2003).

[11]*See* Act approved Apr. 22, 1905, 29th Leg., R.S., ch. 161, § 4, 1905 Tex. Gen. Laws 381, 381-82.

[12]*See* Act of June 7, 1955, 54th Leg., R.S., ch. 414, § 2, 1955 Tex. Gen. Laws 1117, 1118 (amending article 1649, Revised Civil Statutes); Act of May 1, 1987, 70th Leg., R.S., ch. 149, § 1, sec. 84.007(b), 1987 Tex. Gen. Laws 707, 797 (codified at TEX. LOC. GOV'T CODE ANN. § 84.007(b)).

[13]Act of May 19, 1953, 53rd Leg., R.S., ch. 340 § 8, 1953 Tex. Gen. Laws 841, 843; *see* TEX. GOV'T CODE ANN. §§ 771.001-.010 (Vernon 2004) (chapter 771, Interagency Cooperation Act).

projects was adopted in 1959 because there was "not an adequate provision in the law" authorizing such agreements.[14] The legislature did not enact the statutory predecessor to the Interlocal Cooperation Act until 1971.[15]

The 1905 legislature that adopted the predecessor of the auditor's oath in section 84.007(b) could not have understood it to apply to interlocal contracts, and the oath provision has never been modified to include such contracts. *See* TEX. GOV'T CODE ANN. § 311.023 (Vernon 2005) ("In construing a statute . . . a court may consider among other matters the: (1) object sought to be attained; (2) circumstances under which the statute was enacted; (3) legislative history; [and] (4) common law or former statutory provisions, including laws on the same or similar subjects . . . ."). For these reasons, we conclude that a county auditor's oath that he or she will not be "personally interested in a contract with the county" does not speak to county contracts with other governmental entities. We conclude that a county auditor who is employed by an ESD that contracts with the county is not thereby "personally interested in a contract with the county" in violation of the special oath required by Local Government Code section 84.007(b).

### E. Other Considerations

We finally address your concern that the county auditor, if he accepts employment as an accountant by the ESD, may audit his own books, thus creating the appearance of impropriety. A county auditor is not subject to Occupations Code chapter 901, which regulates the practice of public accountancy. *See* TEX. OCC. CODE ANN. § 901.004(a) (Vernon 2004) (chapter 901 does not "restrict an official act of a person acting in the person's capacity as . . . an officer of the state or of a county, municipality, or other political subdivision, including a county auditor . . . or . . . an assistant, deputy, or employee" of a county auditor).

However, you inform us that the county auditor is a certified public account. *See* Supplemental Letter, *supra* note 1, at 1. Chapter 901 of the Occupations Code authorizes the Texas State Board of Public Accountancy (the Board) to regulate the practice of public accountancy and to adopt rules of professional conduct. *See* TEX. OCC. CODE ANN. §§ 901.003(a) (Vernon 2004) (defining "practice of public accountancy"), 901.156 (the board "shall adopt rules of professional conduct to: (1) establish and maintain high standards of competence and integrity in the practice of public accountancy; and (2) ensure that the conduct and competitive practices of license holders serve the purposes of this chapter and the best interest of the public."). *See also* 22 TEX. ADMIN. CODE §§ 501.51-.94 (2005) (chapter 501 concerning rules of professional conduct); *id.* § 501.73 (certificate holder "shall maintain integrity and objectivity [and] shall be free of conflicts of interest" in the performance of professional services). We suggest that the county auditor consult the Board

---

[14]*See* Act of May 6, 1959, 56th Leg., R.S., ch. 313, § 6, 1959 Tex. Gen. Laws 686, 687 (enacting former article 1109k, Revised Civil Statutes), *recodified as amended by* Act of May 22, 1981, 67th Leg., R.S., ch. 388, § 1, sec. 201.152, 1981 Tex. Gen. Laws 1015, 1481 (section 201.152, Agriculture Code).

[15]*See* Act of May 20, 1971, 62d Leg., R.S., ch. 513, 1971 Tex. Gen. Laws 1751 (enacting former article 4413(32c), Revised Civil Statutes), *recodified as amended by* Act of Apr. 2, 1991, 72d Leg., R.S., ch. 38, § 1, secs. 791.001-.029, 1991 Tex. Gen. Laws 432, 461-66.

regarding compliance with Occupations Code chapter 901 and the Board rules applicable to a certified public accountant ("CPA"), particularly with respect to his prospective employment with the ESD. *See id.* §§ 526.1-.3 (the Board may issue opinions upon the written request of any person).

A county auditor must be "a competent accountant with at least two years' experience," "competent in public business details;" and "a person of unquestionably good moral character and intelligence," and the district judges shall carefully investigate and consider a person's qualifications before appointing him as auditor. TEX. LOC. GOV'T CODE ANN. § 84.006 (Vernon 1999). If the county auditor accepts employment as accountant for the ESD, the district judges who appointed him may review his performance in light of this employment. A county auditor may be removed from office "if, after due investigation by the district judges who appointed the auditor, it is proven that the auditor: (1) has committed official misconduct; or (2) is incompetent to faithfully discharge the duties of the office of county auditor." *Id.* § 84.009(a).[16] It would be for the district judges to determine in the first instance whether a county auditor has committed official misconduct or is incompetent. In addition, the district judges have no obligation to reappoint the auditor at the expiration of his current two-year term. *See id.* § 84.004 ("The term of office of a county auditor is two years."); *Guerrero v. Refugio County*, 946 S.W.2d 558, 570 (Tex. App.–Corpus Christi 1997, no writ) (holding that a county auditor "was a public official who did not have a property interest in his position beyond the end of the last two-year term to which he was appointed").

Finally, under the Local Government Code, the county auditor's work may be audited by an outside accountant in certain circumstances. If the commissioners court is concerned that the county auditor has not properly carried out his duties, the court may order an independent audit. *See* TEX. LOC. GOV'T CODE ANN. § 115.031 (Vernon 1999). Alternately, a district judge may order a special audit upon receiving a petition signed by at least 30 percent of the county voters. *Id.* § 115.032.

---

[16]The term "official misconduct" is defined in the general removal provisions for county officers to mean "intentional, unlawful behavior relating to official duties by an officer entrusted with the administration of justice or the execution of the law. The term includes an intentional or corrupt failure, refusal, or neglect of an officer to perform a duty imposed on the officer by law." TEX. LOC. GOV'T CODE ANN. § 87.011(3) (Vernon 1999); *see also id.* § 84.0085(b) ("For purposes of removal for incompetency under another law, 'incompetency' in the case of a county auditor includes the failure to complete the [continuing professional education] courses in accordance with this section.").

## S U M M A R Y

Neither article XVI, section 40 of the Texas Constitution nor the common-law doctrine of incompatibility bars a county auditor from serving as the accountant for an emergency services district, assuming the accountant is an at-will district employee and not a district officer.

An emergency services district, a political subdivision of the state created under and governed by chapter 775 of the Health and Safety Code, is not a business entity under chapter 171 of the Local Government Code, and chapter 171 does not affect a county auditor's employment with such a district.

The oath of office set forth in section 84.007 of the Local Government Code requires a county auditor to state in writing that he or she "will not be personally interested in a contract with the county." TEX. LOC. GOV'T CODE ANN. § 84.007(b)(2) (Vernon 1999). This provision does not apply to a contract between the county and another local government such as an emergency services district.

A certified public accountant ("CPA") is subject to rules of the Texas State Board of Public Accountancy concerning ethical conduct for accountants. The application of these rules to a CPA who serves as county auditor and as an accountant for an ESD is a matter for the Texas State Board of Public Accountancy in the first instance. The district judges who appointed the county auditor have statutory authority to remove the county auditor for official misconduct or incompetence. The county auditor's work may be audited by an outside accountant in certain circumstances.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee